IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Joleen K. Youngers, as the Personal Representative
of the Wrongful Death Estate of Roxsana
Hernandez,
        Plaintiff,

vs.                             Cause No. 1:20-cv-00465-JAP-JHR

Management & Training Corporation,
LaSalle Corrections Transport LLC,
LaSalle Corrections West LLC,
LaSalle Management Company LLC,
Global Precision Systems LLC,
TransCor America LLC,
CoreCivic, Inc.,
        Defendants.

**DEFENDANTS LASALLE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
(Doc. 45) TO DEFENDANTS LASALLE'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO
FRCP RULE 12(b)(6) AND MEMORANDUM IN SUPPORT (Doc. 23)**

COME NOW, the Defendants, LASALLE CORRECTIONS TRANSPORT LLC, LASALLE

CORRECTIONS WEST LLC, and LASALLE MANAGEMENT COMPANY LLC (Defendants

LaSalle), by and through their attorney of record, ADAM D. RAFKIN, P.C. (Adam Daniel Rafkin,

Esq.), and hereby submit their Reply to Plaintiff's Response in Opposition (Doc. 45) to Defendants

LaSalle's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted

Pursuant to FRCP Rule 12(b)(6) (Doc. 23), and in support thereof, would show the following:

**Plaintiff's Section 504 of the Rehabilitation Act Claims & Common-Law Tort Claims**

***New Mexico Law Requires Application of The Doctrine of Lex Loci Delicti (Place-of-the-Wrong)
Which Means the State Where the Last Acts or Omissions of the LaSalle Defendants Which
Could Render Them Liable Occurred, Which is Arizona:***

Defendants agree with Plaintiff that New Mexico's law with respect to choice-of-law

1

controls. However, that does not mean, *ipso facto*, that New Mexico law regarding the statute of limitations applies, only that New Mexico law applies in the sense that it determines whether New Mexico or Arizona law should apply to Plaintiff's tort claims.

Plaintiff cites the New Mexico case of *Nez v. Forney*, 1989-NMSC-074, 109 NM 161 (NM 1989) (Doc. 45, pg. 6) for the proposition that New Mexico law should be applied to her tort claims for statute of limitations analysis. However, there are several subsequent federal New Mexico district court cases dealing with precisely this issue and which hold that New Mexico choice-of-law rules require that the Court apply the doctrine of lex loci delicti (the place-of-the-wrong).

In *Valencia v. Colorado Cas. Ins. Co.*, 560 F. Supp. 2d 1080 (D.N.M. 2007), Judge Browning discussed at length the law in New Mexico regarding choice-of-laws. In so doing, he noted that the law which applies in choice-of-law cases focuses on where the "place of the wrong" occurred. Judge Browning stated "In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of lex loci delicti commissi - that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred."*Id*. at 1085.

Judge Browning went on to observe that New Mexico has a "strong presumption" in favor of the doctrine of "place of the wrong", stating "The New Mexico Court of Appeals has explained that New Mexico courts "begin with a strong presumption in favor of application of the place-of-the-wrong rule, but we will not close our eyes to compelling policy arguments for departure from the general rule in specific circumstances." Gilmore v. Gilmore (In re Estate of Gilmore), 1997–NMCA–103, ¶ 21, 946 P.2d at 1136. See Tuato v. Brown, 85 Fed.Appx. 674, 676 (10th Cir.2003)(observing that New Mexico caselaw "confirms the strong presumption that New Mexico courts apply lex loci in tort cases")." *Id*. at. 1085.

In concluding that Colorado law applied, and not New Mexico law, Judge Browning reiterated again New Mexico's "strong presumption in favor of the application of lex loci delicti": "Finally, the Court notes that, although New Mexico courts have acknowledged the policy exception to the general lex loci delicti rule, both the New Mexico courts and the United States Court of Appeals for the Tenth Circuit have acknowledged that New Mexico courts begin with a strong presumption in favor of application of the place-of-the-wrong rule." *Id*. at 1089 [internal quotation marks omitted].

In another choice-of-law case, Judge Browning observed that in torts cases, the "place-of-the-wrong" is where the last act or omission which would make the defendant in question liable occurred. In *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 749 F. Supp. 2d 1235 (D.N.M. 2010), Judge Browning stated "On the other hand, if the underlying claim is categorized as a tort, "New Mexico courts follow the doctrine of lex loci delicti commissi—that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." Terrazas v. Garland & Loman, Inc., 140 N.M. at 296, 142 P.3d at 377. *The lex loci delicti rule defines the state where the wrong occurred as "the state where the last event necessary to make an actor liable for an alleged tort takes place."* Zamora v. Smalley, 68 N.M. 45, 47, 358 P.2d 362, 363 (1961); see Restatement (First) Conflicts of Law § 377 & cmt. a (1934)." *Id*. at 1258 [emphasis added].

Here, application of the doctrine of lex loci delicti (the place-of-the-wrong) results in the application of Arizona law, not New Mexico law. *All* of the acts Plaintiff alleges the LaSalle Defendants committed (and which allegedly amount to a violation of the Rehabilitation Act or constitute common-law torts) occurred in Arizona, *to wit*: housing Roxsana briefly at the San Luis

3

facility and transporting her to the Mesa airport. (Doc. 9, ¶¶ 73-88).

The applicable Arizona statute of limitations is two (2) years under A.R.S. Sec. 12-542. There does not appear to be any dispute about this between the parties. Plaintiff claims Decedent died on May 25, 2018. Thus the statute of limitations under Arizona law is May 25, 2020.

***Arizona's "Discovery Rule" Does Not Toll the Statute of Limitations Against Defendants LaSalle Corrections West LLC and LaSalle Management Company LLC:***

In her Response, Plaintiff claims she could not have discovered the identity of Defendants LaSalle Corrections West and LaSalle Management Company without a FOIA request. Plaintiff says she "did not receive responses to her federal public records request revealing the corporate identity of LaSalle until October 2, 2019. Because Plaintiff could not have discovered the LaSalle Defendants' involvement and liability until receipt of these documents, her claims did not accrue until October 2, 2019, the date U.S. Immigration and Customs Enforcement provided them." *Doc. 45, pg 5, FN 4*. Even if somehow Plaintiff could not discover the names of the LaSalle Defendants until October 2, 2019, Plaintiff fails to explain why she did not name LaSalle Corrections West LLC and LaSalle Management Company as Defendants in her original Complaint filed on May 13, 2020, having received the corporate information pursuant to a FOIA request on October 2, 2019.

Additionally, a few simple searches on Google contradicts Plaintiff's assertion that the names of the operators of the facility were undiscoverable. A search for "San Luis Regional Detention Center Arizona" reveals that "LaSalle Corrections" manages the facility. The second result for the above search is https://www.inmateaid.com/prisons/san-luis-regional-detention-center-slrdc-lasalle. A single click leads the user to a page which provides the following information: "San Luis Regional Detention Center (SLRDC) - LaSalle basic information to help guide you through what you can do

for your inmate while they are incarcerated. The facility's direct contact number: 928-627-2101....The inmates housed at San Luis Regional Detention Center (SLRDC) - LaSalle located at 406 N Ave D in San Luis, AZ....The SLRDC houses male and female detainees with a capacity of 960 beds managed by private prison company LaSalle."

If one then searches Google for "San Luis Regional Detention Facility LaSalle", the very first result is "lasallecorrections.com". The LaSalle website reveals that it is a Louisiana business entity and confirms that it operates the detention center in San Luis, Arizona.

If one then searches the Louisiana Secretary of State website for LaSalle Corrections, there are several entities which appear. The second entry, when clicked, provides the names of two entities (LaSalle Corrections and LaSalle Management Company) which Plaintiff claims were not discoverable by her. When clicked, the following information is provided (among other information):

> Type(s) Registered:     TRADE NAME
> Registered Name:        LASALLE CORRECTIONS
> *Applicant:*            *LASALLE MANAGEMENT COMPANY, L.L.C.*
> Type Of Business:       CORRECTIONS
> Current Status:         ACTIVE
> *https://coraweb.sos.la.gov/commercialsearch/TradeServiceSearchDetails.aspx?TradeSe rviceMainID=111193_4B3997E785 [emphasis added].*

Lastly, on the Arizona Corporation Commission website, when "LaSalle" is entered, on the second page is an entry for "LaSalle Corrections West". Clicking on that yields information that it is a Louisiana entity with the address in Ruston, LA, and who's members are located in Dripping Springs, Texas. Critically, the search result reveals that LaSalle Corrections West's Arizona address is "406 AVENUE D, SAN LUIS, AZ, 85349, USA" - the address for the San Luis Regional Detention Center.  *https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=R21782515.*

"Arizona courts have adopted the discovery rule. Under that rule, a cause of action accrues

when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct." *Wyckoff v. Mogollon Health All.*, 232 Ariz. 588, ¶ 9, 307 P.3d 1015 (Ct. App. 2013) [internal citations and quotation marks omitted].

Here, Plaintiff's argument that she "could not have discovered" LaSalle's involvement with the San Luis Detention Center until she received the FOIA documents on October 2, 2019 is improbable. As stated above, undersigned counsel was able to discover the pertinent names of the companies involved after searching Google for roughly 15 minutes.

As stated in *Wycoff*, supra, Plaintiff has the burden of demonstrating that the discovery rule "should apply to delay the statute of limitations." In light of the above, Plaintiff has come nowhere near the kind of showing necessary to toll the statute of limitations under Arizona law. Thus, Plaintiff's claims against Defendants LaSalle Corrections West and LaSalle Management Company should be dismissed as per the statute of limitations.

On a related note, Plaintiff's Amended Complaint (which added LaSalle Corrections West and LaSalle Management Company), does not "relate back" to the date of the filing of the original Complaint, under Arizona law. "In Ellman Land Corp. v. Maricopa County, 180 Ariz. 331, 884 P.2d 217 (App.1994), we noted the requirements for relation back under Rule 15( c) by quoting the rule, including the requirement that the party being added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Id. at 336–37, 884 P.2d at 222–23 (quoting Ariz. R. Civ. P. 15( c)." *Levinson v. Jarrett ex rel. Cty. of Maricopa*, 207 Ariz. 472, ¶11, 88 P.3d 186 (Ct. App. 2004).

There has been no showing that these two Defendants should have known that because Plaintiff sued LaSalle Transport, that "but for a mistake concerning the identity of the proper party",

6

LaSalle Corrections West and LaSalle Management Company would have been sued. Therefore, the Court should reject any argument by Plaintiff that the Am. Compl., Aug. 13, 2020, relates back to the filing of the original Compl., May 13, 2020. The Rehabilitation Act claim (analyzed under state law) and the other claims asserted against these two Defendants should be dismissed with prejudice.

***Plaintiff's Service of Defendants:***

Defendants asserted in their Motion that Plaintiff did not undertake diligent efforts to serve them with the Original Complaint or Amended Complaint in this matter. Plaintiff's Response, in combination with the Attorney Declaration of Service (Doc. 44), establishes that appropriate efforts were taken to effect service. Thus, the LaSalle Defendants will withdraw this aspect of their Motion.

***Punitive Damages Claims Under The Rehabilitation Act (All LaSalle Defendants)(Doc. 9, pg. 25):***

Plaintiff concedes in her Response that the law interpreting Section 504 of the Rehabilitation Act does not permit recovery of punitive damages (Doc. 45, pg 18, FN 14). Thus, this aspect of the Motion should be granted.

## Negligence Per Se - Count 2 (*Doc. 9, pg 29*):

In reviewing Plaintiff's Response as to this issue, while these Defendants do not concede that the alleged violation of policies and procedures and ICE standards supply the basis for a negligence per se claim here, upon reflection, discovery needs to be conducted on this issue to flesh out the salient details. Thus, these Defendants will withdraw this aspect of their Motion.

However, Defendants LaSalle Corrections West and LaSalle Management Company are not waiving the argument, and still maintain, that this claim is time-barred by the Arizona statute of limitations based on the date of filing of the First Amended Complaint (Doc. 9), because the "place-of-the-wrong", and the place where the last act or omission arguably rendering them liable, occurred

in Arizona and hence, Arizona law applies under New Mexico's choice-of-law rules.

**Decedent's Claims for Non-Economic Damages (Ct. 2: Negligence Per Se; Ct. 7: Negligence Under Arizona Law; Ct. 8: Negligent Hiring, Retention, Training and Supervision Under Arizona Law; Ct. 9: Intentional Infliction of Emotional Distress Under Arizona Law (Doc 9, pp29,42,44,47):**

With the exception of the Rehabilitation Act claim, all of Plaintiff's claims against the LaSalle Defendants sound in Arizona tort law, but Plaintiff's Response (Doc. 45) analyzes these claims under New Mexico law.

However, as Defendants have shown at the outset of this Reply, under New Mexico's choice-of-law analysis, the doctrine of *lex loci delicti* (the "place-of-the-wrong") applies. *pg. 2*. With respect to all three LaSalle Defendants, that state is Arizona, because all of the LaSalle Defendants' acts or omissions, upon which Plaintiff's claims are predicated, occurred there.

**Application of Judicial Estoppel:**

In her Amended Complaint, Plaintiff deliberately invoked Arizona law in regard to her tort claims, and not just by virtue of a single, errant reference to Arizona law. Instead, the Amended Complaint's Count 7 (Negligence Under Arizona Law), Count 8 (Negligent Hiring, Retention, Training and Supervision Under Arizona Law), and Count 9 (Intentional Infliction of Emotional Distress Under Arizona Law) (Doc. 9), all intentionally invoke Arizona law, something Plaintiff now urges the Court to ignore.[1]

The doctrine of judicial estoppel precludes a party from changing positions during a case "according to the exigencies of the moment". In *Eastman v. Union Pac. R. Co.,* 493 F.3d 1151 (10th Cir. 2007)*,* the Tenth Circuit explained the doctrine of judicial estoppel: "The Supreme Court first

---

[1]Further, the Am Compl (Doc. 9) asserts multiple claims against Defendant MTC explicitly under CA law, as well as claims against Defendant GPS under NM and TX law.

recognized the doctrine of judicial estoppel in New Hampshire v. Maine. The Court explained that the doctrine's "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id. at 1156.*

While the factors the court should consider in terms of judicial estoppel vary from case to case, the *Eastman* Court identified three factors that are often taken into consideration: "While the Court recognized the circumstances under which a court might invoke judicial estoppel will vary, three factors "typically inform the decision whether to apply the doctrine in a particular case." Id. First, a party's subsequent position must be " 'clearly inconsistent' " with its former position. Id. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled[.]" Id. (emphasis added) (internal quotations omitted). Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." *Id.* at 1156.

In diversity actions, federal caselaw regarding judicial estoppel applies. See *N.K. Collins, LLC v. William Grant & Sons, Inc.*, No. CV 19-00386 ACK-RT, 2020 WL 4043976, at \*16 (D. Haw. July 17, 2020) ("Although state law supplies the rule of decision in this diversity action, federal law governs the application of judicial estoppel in federal court."[internal citation and quotation marks omitted]).

Here, the Court should apply the doctrine of judicial estoppel to prevent Plaintiff from changing her theory of the case solely to meet the exigency of the moment (to overcome this Motion to Dismiss). In her original Complaint, Plaintiff intentionally asserted three common-law tort claims

9

against Defendant LaSalle Transport "under Arizona law" (Doc. 1, pages 21, 28 and 35). Further, she asserted additional claims against other Defendants under California law.

Plaintiff then amended her Complaint (Doc. 9). Having added Defendants LaSalle Corrections West and LaSalle Management Company, Plaintiff asserted the same common-law tort claims against all three LaSalle Defendants, *again* taking care to note in the title of each count that such claims were being asserted "under Arizona law."[2] (Doc. 9, page 42, 44 and 47).  "Courts invoke[ ] judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts."  *Finn v. Sullivan*, 228 F. Supp. 3d 972, 980 (N.D. Cal. 2017) [internal citations and quotation marks omitted].

Courts may decline to impose judicial estoppel in a case where there is simply inadvertence or mistake. See *Ah Quin v. Cty. of Kauai Dep't of Transp*., 733 F.3d 267, 271 (9th Cir. 2013)( "Of particular relevance here, though, the Supreme Court held in New Hampshire, that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake."[internal citation and quotation marks omitted]).

However, the instant case is not a matter of inadvertence or mistake. In both her original and her Amended Complaint, Plaintiff deliberately asserted claims against LaSalle "under Arizona law.", as well as asserting claims against other Defendants under Texas and California law. Plaintiff only

---

[2]The exception to this is the Negligence Per Se claim, which applies to all Defendants, and which does not specify the state's law it is being asserted under. (Doc. 9, page 29). The Amended Complaint, like the original Complaint, also explicitly asserted claims against other Defendants by invoking Texas and California law. (Doc. 9).

now suggests she should be allowed to amend her Complaint yet again in order to defeat the Motion

to Dismiss (and to avoid the operative statute of limitations under the law of the state under which

she asserted her claims - Arizona).

Imposition of judicial estoppel is appropriate where a plaintiff seeks to amend in response

to the filing of a dispositive motion. Although not precisely on point, the trial court's opinion in

*Barker v. Asset Acceptance, LLC*, 874 F. Supp. 2d 1062 (D. Kan. 2012), is instructive:

> "Similarly, the court in Traylor v. Ford, LLC judicially estopped a plaintiff who only amended his schedules in response to a summary judgment motion based on judicial estoppel.41 The court found that judicial estoppel was appropriate because the "plaintiff was attempting to 'play fast and loose with the system.' "'42 In Archuleta, the District of Colorado agreed with this line of reasoning, but found that judicial estoppel did not apply in its case because the lawsuit only arose after the plaintiff had filed her bankruptcy and the plaintiff amended her schedules immediately after learning of her obligation and before the defendant filed for summary judgment.43 Nonetheless, Archuleta suggests that in a case like the one before this Court—where the plaintiff filed for bankruptcy after filing his civil lawsuit and only amended his bankruptcy schedule in response to a summary judgment motion—judicial estoppel would be appropriate.44

> And although the Tenth Circuit has not commented on the correctness of this line of cases,45 the reasoning the Tenth Circuit used in Eastman equally applies here: Allowing [the party] to 'back up' and benefit from the reopening of his bankruptcy would "suggest[ ] that a debtor should consider disclosing potential assets only if he is caught concealing them."46 Plaintiff knew of the facts giving rise to his inconsistent positions and he had motive to conceal the facts to keep this lawsuit out of reach of his creditors. And Plaintiff did not voluntarily amend his schedules; he only did so after Defendant's motion for summary judgment on the basis of judicial estoppel." *Id. at 1068.*

Further, Plaintiff's suggestion that she should be permitted to amend her Complaint yet again

should be denied because to do so would be futile. See *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365

(10th Cir. 1993). Even if Plaintiff were to amend her complaint again to state that she is asserting

the common-law tort claims against the LaSalle Defendants under New Mexico law, as stated at the

outset of this Reply, under New Mexico's lex loci delicti (place-of-the-wrong) analysis, Arizona law

would apply to the common-law claims asserted against these Defendants.

11

***Pain and Suffering, and Other Non-Economic Damages do Not Survive Under Arizona Law:***

Plaintiff asserts that *In Re Estate of Gilmore* stands for the proposition that if the death occurs in New Mexico, New Mexico is the "place of the wrong", regardless of where the tortious conduct occurred. *Gilmore* does not quite stand for that proposition. In fact, in *Gilmore*, the Court applied Texas law because "To begin with, the arguments in favor of applying Texas tort law are rather compelling. The misconduct and the injury occurred in Texas, and the Tortfeasor was domiciled in Texas. In such circumstances, we would be surprised to find authority for the proposition that the general contours of Texas law would not apply to the tort action." *Estate of Gilmore*, 1997-NMCA-103, ¶ 22, 124 N.M. 119, 946 P.2d 1130.

Although New Mexico appears not to have addressed this specific issue, many states have, and these states have determined that the law of the state applies where the last significant act or omission making a defendant liable occurred, not simply the state where the decedent died. See *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) ("If such a conflict exists, the presumption is that the traditional lex loci delicti rule (the place of the wrong) will apply. Id. Under this rule, the court applies the substantive laws of the "*the state where the last event necessary to make an actor liable for the alleged wrong takes place*." Id."[emphasis added]); see also *First Nat. Bank in Fort Collins v. Rostek*, 182 Colo. 437, 445, 514 P.2d 314, 318 (1973) "The airplane in question was registered in Colorado and was returning to Colorado when the accident occurred. The lawsuit was brought in a Colorado forum with a Colorado resident as defendant. It becomes evident, therefore, that South Dakota's only interest in this controversy is the fortuitous occurrence of the accident within its borders."

*Coffey*, cited by Plaintiff for the proposition that if the decedent dies in New Mexico, that is

the state who's law would control, does not apply to this case (Doc. 45, pg. 19). The *Coffey* Court was interpreting Nevada and Arizona law, both of which have adopted the Restatement (Second) of Conflict of Laws - they use the "most significant relationship" to the wrong analysis. Under that analysis, Judge Browning found that those states would resort to New Mexico's conflict of law test: "In personal injury actions, there is a presumption in both Nevada and Arizona that a court should apply the law of the place where the injury occurred, New Mexico in this case, based on section 146 of the Restatement (Second) of Conflicts of Law." *Id*. at 1229. However, New Mexico follows the place-of-the-wrong test which looks at where the last event necessary to make an actor liable for an alleged tort takes place. Plaintiff's factual allegations allege the LaSalle Defendants committed acts or omissions amounting to negligence and violation of the Rehabilitation Act in Arizona.

Arizona's survival statute does not permit recovery for "pain and suffering" or similar non-economic damages. In *Quintero v. Rogers*, the Court of Appeals stated "The Legislature apparently contemplated that once an injured person is dead he cannot benefit from an award for his pain and suffering." *Quintero v. Rogers*, 221 Ariz. 536, ¶6, 212 P.3d 874 (Ct. App. 2009) [internal citation and quotation marks omitted]. This principle was reaffirmed just last year in *Martin v. Staheli*: "The parties agree that the Survival Statute does not apply to Martin's widow or children because they allege claims based on their damages. They also agree that Martin's non-economic claims are no longer viable due to his death." *Martin v. Staheli*, 248 Ariz. 87, ¶15, 457 P.3d 53 (Ct. App. 2019).

In light of the above, Plaintiff's claims for Decedent's pain and suffering and emotional anguish must be dismissed with prejudice. That is not to say that she may not pursue claims related to the loss of Decedent's life, of course, but the claims for Ms. Hernandez' pain and suffering and emotional distress do not survive her death under Arizona's survival statute.

WHEREFORE, the Defendants, LASALLE CORRECTIONS TRANSPORT LLC, LASALLE CORRECTIONS WEST LLC, and LASALLE MANAGEMENT COMPANY LLC, pray this Court grant their Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to FRCP Rule 12(b)(6), and for such other and further relief as the Court deems just and proper.

*Respectfully Submitted:*

*/s/ Adam Daniel Rafkin, Esq., Attorney at Law*
ADAM DANIEL RAFKIN, Esq.
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, New Mexico  88355
(575) 257-0129/(575) 257-0113 Fax
adr@rafkinlaw.com
ATTORNEY FOR DEFENDANTS
LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC, and
LASALLE MANAGEMENT COMPANY LLC

## Certificate of Service

I HEREBY CERTIFY THAT on the 7th day of December, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel Yohalem, Esq.
Daniel Yohalem Attorney at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 983-9433/(505) 989-4844 Fax
daniel.yohalem@gmail.com
*Attorney for Plaintiff*

Dale Melchert, Esq.
Lynly Egyes, Esq.
Transgender Law Center
P.O. Box 70976
Oakland, California 94612
(510) 407-6367
(973) 454-6325
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org
*Attorneys for Plaintiff*

14

Katherine Murray, Esq.
Attorney at Law
P.O. Box 5266
Santa Fe, New Mexico 87502
(505) 670-3943
kemurraylaw@gmail.com
*Attorney for Plaintiff*

Kimberly A. Evans, Esq.
Grant & Eisenhofer, P.A.
123 S. Justison Street, 7th Floor
Wilmington, Delaware 19801
(302) 622-7086/(302) 622-7100 Fax
kevans@gelaw.com
*Attorney for Plaintiff*

Gregory D. Steinman, Esq.
Celina C. Hoffman, Esq.
Madison, Mroz, Steinman, Kenny &
Olexy, P.A.
P.O. Box 25467
Albuquerque, New Mexico 87125
(505) 242-2177/(505) 242-7184 Fax
gds@madisonlaw.com
cch@madisonlaw.com
*Attorneys for Defendant Global Precision Systems LLC*

Daniel P. Struck, Esq., Az Bar No. 012377
Jacob B. Lee, Esq., Az Bar No. 030371
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
(480) 420-1600/(480) 420-1696 Fax
dstruck@strucklove.com
jlee@strucklove.com
*Attorneys for Defendants TransCor America, LLC and CoreCivic Inc.*

R. Andrew Free, Esq.
The Law Office of R. Andrew Free
P.O. Box 90568
Nashville, Tennessee 37209
(844) 321-3221/(615) 829-8959 Fax
andrew@immigrantcivilrights.com
*Attorney for Plaintiff*

Irene R. Lax, Esq.
Grant & Eisenhofer, P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
(646) 722-8512/(646) 722-8501 Fax
ilax@gelaw.com
*Attorney for Plaintiff*

Christina Muscarella Gooch, Esq.
Alison K. Goodwin, Esq.
Sutin, Thayer & Browne, P.C.
P.O. Box 1945
Albuquerque, New Mexico 87103
(505) 883-2500
TMG@sutinfirm.com
AKG@sutinfirm.com
*Attorneys for Defendant Management & Training Corporation*

Deborah D. Wells, Esq.
Debra J. Moulton, Esq.
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887/(505) 884-7123 Fax
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendants TransCor America, LLC and CoreCivic Inc.*

*/s/ Adam Daniel Rafkin, Esq., Attorney at Law*
ADAM DANIEL RAFKIN, Esq.

15