IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOLENE K. YOUNGERS,
AS PERSONAL REPRESENTATIVE OF THE
WRONGFULD DEATH ESTATE OF ROXSANA
HERNANDEZ,

      Plaintiff,

v.                                         1:20-cv-00465 WJ-JHR

MANAGEMENT & TRAINING CORPORATION,
LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORRECTIVE, INC,

      Defendants.
and

GLOBAL PRECISION SYSTEMS, LLC,

      Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.

      Third-Party Defendant.

## THIRD-PARTY DEFENDANT'S ANSWER TO THIRD-PARTY PLAINTIFF'S COMPLAINT FOR NEGLIGENCE, BREACH OF INSURANCE CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT, AND BAD FAITH ACTIONS

      COMES NOW Third-Party Defendant Asset Protection & Security Services, L.P. (Third-Party Defendant), by and through its attorneys, Guebert Gentile & Piazza P.C. (Robert F. Gentile and Clinton E. Dow), and for its Answer to Complaint ("Complaint"), states as follows:

1.      The allegations contained in Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, Third-Party Defendant denies the same.

2.      The allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, Third-Party Defendant denies the same.

3.      The allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, Third-Party Defendant denies the same.

4.      Third-Party Defendant denies each and every allegation contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint are not directed at Third-Party Defendant and therefore no response is required. To the extent that a response is deemed necessary, Third-Party Defendant denies the same.

## COUNT I – APPORTIONMENT OF FAULT

6.      Third-Party Defendant incorporates by reference the previous paragraphs as though fully set forth herein.

7.      Third-Party Defendant states that the Contract speaks for itself pursuant to the terms, provisions, limitations, and exclusions provided therein.

8.      Third-Party Defendant denies each and every allegation contained in Paragraph 8 of the Complaint.

9.     Third-Party Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10.     Third-Party Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

11.     Third-Party Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

## COUNT II – INDEMNITY AND CONTRIBUTION

12.     Third-Party Defendant incorporates by reference the previous paragraphs as though fully set forth herein.

13.     Third-Party Defendant states the Contract speaks for itself pursuant to the terms, provisions, limitations, and exclusions provided therein.

14.     Third-Party Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     Third-Party Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

## PRAYER FOR RELIEF

Third-Party Defendant denies that this Court should enter Judgment for GPS and respectfully request that this Court dismiss this case with prejudice.  Third-Party Defendant further denies GPS is entitled defense or indemnification.

## AFFIRMATIVE DEFENSES

1.     Third-Party Plaintiff's Complaint failed to state a claim upon which relief can be granted.

2.     Third-Party Plaintiff's damages, if any, were proximately caused by the negligence, negligence *per se*, and/or wrongful or tortious acts of other third persons or parties for whose conduct the Third-Party Defendant may not be held responsible, and any recovery against the Third-Party Defendant, if any, must be accordingly reduced by the percentage extent of the fault of others pursuant to the New Mexico Doctrine of Comparative Fault.

3.     Third-Party Plaintiff's claims for defense and indemnity are barred by applicable New Mexico State law.

4.     Plaintiff Roxsana Hernandez' and Third-Party Plaintiff's damages were pre-existing, and Plaintiffs have failed to mitigate their damages and to that extent they are not recoverable.

5.     The award of punitive or exemplary damages, if any, must be reasonably related to actual damages.  An award of punitive or exemplary damages not reasonably related to actual damages violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article II, Section 18 of the New Mexico Constitution.

6.     Third-Party Plaintiff's claims are subject to the terms, conditions, limitations, and exclusions as provided within the Contract at issue, and Third-Party Plaintiff's claims are limited or barred by said provisions.

7.     Third-Party Plaintiff's claims are barred by accord and satisfaction.

8.     Third-Party Plaintiff's claims are groundless thereby entitling Third-Party Defendant to an award of attorneys' fees incurred in defending this action.

9.     Third-Party Plaintiff's claims are barred by the applicable statute of limitations or contractual limitations period.

10.     Third-Party Plaintiff's claims are barred by res judicata and/or collateral estoppel, and failure to join all claims in the underlying lawsuit.

11.     Third-Party Plaintiff's requests a jury trial pursuant to rule FED.R.CIV. P.38.

WHEREFORE, Third-Party Defendant, having fully answered Third-Party Plaintiff's Complaint, prays the Complaint be dismissed with prejudice, for its costs expended herein and for such other and further relief as the Court may deem just and proper.

GUEBERT GENTILE & PIAZZA P.C.


By ___ */s/ Clinton E. Dow* _____
Robert F. Gentile
Clinton E. Dow
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
rgentile@guebertlaw.com
cdow@guebertlaw.com
*Attorneys for Third-Party Defendant Asset Protection & Security Services, L.P.*

5

This is to certify that on this 12th day of November, 2021, the foregoing Third-Party Defendant's Answer to Third-Party Plaintiff's Complaint for Negligence, Breach of Insurance Contract, Violation of the New Mexico Unfair Claims Practices Act, and Bad Faith Actions was filed electronically through the CM/ECF system, and that I caused a copy of the same to be served by email and mail to:

Daniel Yohalem
Attorney at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
Phone: 505-983-9433 Fax 505-989-4844
During Covid: 505-690-2193
daniel.yohalem@gmail.com
*Attorney for Plaintiff*

Kimberly A. Evans, *Pro Hac Vice*
Carla Agbiro, Pro Hac Vice
Forthcoming
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 622-7086
kevans@gelaw.com
*Attorney for Plaintiff*

Katherine Murray
Attorney at Law
P.O. Box 5266
Santa Fe, New Mexico 87502
Phone: 505-670-3943
Dale Melchert, *Pro Hac Vice*
Lynly Egyes, *Pro Hac Vice*
Transgender Law Center P.O. Box 70976
Oakland, CA 94612
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org
*Attorney for Plaintiff*

Irene R. Lax, *Pro Hac Vice*
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646)-722-8512
ilax@gelaw.com
*Attorney for Plaintiff*

R. Andrew Free *Pro Hac Vice*
The Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221
andrew@immigrantcivilrights.com
*Attorney for Plaintiff*

Daniel P. Struck
Jacob B. Lee
Anne Orcutt
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel: (480) 420-1600
jlee@strucklove.com
*Attorneys for Defendants TransCor America, LLC and Core Civic, Inc.*

Adam D. Rafkin
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, NM 88355
(575) 257-0129
adr@rafkinlaw.com
*Attorney for Defendants*
*LaSalle Corrections Transport LLC,*
*LaSalle Corrections West LLC, and*
*LaSalle Management Company, LLC*


Christina Muscarella Gooch
Alison K. Goodwin
Sutin, Thayer & Brown, P.C.
PO Box 1945
Albuquerque, NM 87103
(505) 883-2500
tmg@sutinfirm.com
akg@sutinfirm.com
*Attorneys for Defendant Management &*
*Training Corporation*


Gregory D. Steinman
Aaron K. Thompson
Madison, Mroz, Steinman,
Kenny & Olexy, P.A.
P.O. Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177
gds@madisonlaw.com
akt@madisonlaw.com
*Attorneys for Defendant Global*
*Precision Systems, LLC*


Deborah D. Wells
Debra J. Moulton
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendants TransCor America, LLC*
*and CoreCivic Inc.*


Gregory D. Steinman
Aaron K. Thompson
Madison, Mroz, Steinman, Kenny & Olexy, P.A.
P.O. Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177
gds@madisonlaw.com
akt@madisonlaw.com
*Attorneys for Defendant Global Precision Systems,*
*LLC*


*/s/ Clinton E. Dow*
Terry R. Guebert
Elizabeth M. Piazza
Clinton E. Dow
*Attorneys for Defendant*


F:\Clients\0300.982\Pleadings\Draft\2021.11.12 Answer.3rd.Pty.Complaint.Asset.Prot.Sec.Services.docx/krg