IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Joleen K. Youngers,
as the Personal Representative of the
Wrongful Death Estate of Roxsana
Hernandez,
            Plaintiff,

vs.                                                    Cause No. 1:20-cv-00465-WJ-JHR

LaSalle Corrections Transport LLC,
LaSalle Corrections West LLC,
LaSalle Management Company LLC,
Global Precision Systems LLC,
TransCor America LLC,
CoreCivic, Inc., and
United States of America,

            Defendants.

**DEFENDANTS LASALLE CORRECTIONS TRANSPORT LLC, LASALLE CORRECTIONS WEST LLC, and LASALLE MANAGEMENT COMPANY LLC's ANSWER TO <u>PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. 111)</u>**

COME NOW, the Defendants, LASALLE CORRECTIONS TRANSPORT LLC,

LASALLE CORRECTIONS WEST LLC, and LASALLE MANAGEMENT COMPANY LLC

(collectively referred to as Defendants and/or LaSalle), by and through their attorney of record,

ADAM D. RAFKIN, P.C. (Adam Daniel Rafkin, Esq.), and hereby submit their Answer to

Plaintiff's Second Amended Complaint (Doc. 111), and in support thereof, would state the

following:

1.    Paragraph 1 one of the Second Amended Complaint (SAC) states legal

conclusions which these Defendants are not competent to respond to and which otherwise

requires no response from these Defendants. To the extent that a response is deemed to be

1

required, Defendants have insufficient information to admit or deny the truth of the allegations contained in paragraph 1 of the SAC and therefore deny same.

2.    Defendants have insufficient information to admit or deny the truth of the allegations contained in paragraph 2 of the SAC as it relates to Decedent's condition while she was in the custody of the other Defendants in this matter and therefore deny same. With respect to the time Decedent was in the custody of these Defendants, the allegations are denied.

3.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 3 of the SAC as it pertains to the allegations against the other Defendants in this matter, and therefore deny same. Defendants deny the allegations as they pertain to these Defendants as they acted as independent contractors, not employees.

4.    Paragraph 4 of the SAC calls for legal conclusions which these Defendants are not qualified to opine about. To the extent a response is deemed to be required, Defendants have insufficient information to admit or deny the truth of the allegations contained in paragraph 4 of the SAC as it relates to Decedent's condition while she was in the custody of the other Defendants in this matter and therefore deny same. With respect to the time Decedent was in the custody of these Defendants, the allegations are denied.

5.    The allegations contained in paragraph 5 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny same.

6.    The allegations contained in paragraph 6 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny same.

7.    The allegations contained in paragraph 7 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny same.

8.    The allegations contained in paragraph 8 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny the same.

9.    The allegations contained in paragraph 9 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny the same.

10.    The allegations contained in paragraph 10 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny the same.

11.    The allegations contained in paragraph 11 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny the same.

12.    The allegations contained in paragraph 12 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny the same.

13.    The allegations contained in paragraph 13 of the SAC are denied to the extent they pertain to these Defendants. Defendants have insufficient information to form a belief as to the truth of the allegations against the other Defendants and therefore deny the same.

14.     Paragraph 14 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these Defendants, the allegations are denied.

15.     Paragraph 15 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these Defendants, the allegations are denied.

16.     The allegations contained in paragraph 16 of the SAC are admitted.

17.     The allegations contained in paragraph 17 of the SAC are admitted.

18.     Paragraph 18 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these Defendants, the allegations are denied.

19.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the SAC and therefore deny the same

20.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the SAC and therefore deny the same.

21.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the SAC and therefore deny the same.

22.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of the SAC and therefore deny the same.

23.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of the SAC and therefore deny the same.

24.     Defendants have insufficient information to admit or deny the allegations in paragraph 24 of the SAC, and therefore deny the same.

25.     The allegations contained in paragraph 25 of the SAC are admitted.

26.     The allegations contained in paragraph 26 of the SAC are admitted.

27.     The allegations contained in paragraph 27 of the SAC are admitted in part and denied in part, as Defendants do not receive federal subsidies.

28.     The allegations contained in paragraph 28 of the SAC are admitted.

29.     The allegations contained in paragraph 29 of the SAC are admitted.

30.     The allegations contained in paragraph 30 of the SAC are admitted.

31.     The allegations contained in paragraph 31 of the SAC are admitted.

32.     The allegations contained in paragraph 32 of the SAC are admitted.

33.     The allegations contained in paragraph 33 of the SAC are admitted in part and denied in part, as Defendants do not receive federal subsidies.

34.     Defendants admit that LaSalle Management operates or manages LaSalle Transport or SLRDC, with the exception that Defendants admit that the corporate address for LaSalle Management Company, LLC, is 192 Bastille Lane, Suite 200, Ruston, Louisiana, 71270. Defendants admit that LaSalle Transport and LaSalle Corrections West were charged with the custody or care of Roxsana during the few hours she was in their custody.

35.     Defendants admit they received federal funds as alleged in paragraph 35 of the SAC, but deny that they received federal subsidies.

36.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of the SAC and therefore deny the same.

37.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 37 of the SAC and therefore deny the same.

38.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 38 of the SAC and therefore deny the same.

39.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 39 of the SAC and therefore deny the same.

40.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 40 of the SAC and therefore deny the same.

41.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 41 of the SAC and therefore deny the same.

42.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 42 of the SAC and therefore deny the same.

43.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of the SAC and therefore deny the same.

44.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of the SAC and therefore deny the same.

45.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 45 of the SAC and therefore deny the same.

46.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 46 of the SAC and therefore deny the same.

47.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 47 of the SAC and therefore deny the same.

48.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC and therefore deny the same.

49.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 49 of the SAC and therefore deny the same.

50.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 50 of the SAC and therefore deny the same.

51.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of the SAC and therefore deny the same.

52.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of the SAC and therefore deny the same.

53.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 53 of the SAC and therefore deny the same, with the exception that Defendants admit they transported Decedent from Imperial (MTC) to SLRDC (where Roxsana stayed for a few hours) and from there to the Mesa Airport.

54.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 54 of the SAC and therefore deny the same.

55.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 55 of the SAC and therefore deny the same.

56.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 56 of the SAC and therefore deny the same, with the exception that these Defendants admit that they transported Decedent from Imperial (MTC) to SLRDC (where Roxsana stayed for a few hours) and from there to the Mesa Airport.

57.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 57 of the SAC and therefore deny the same.

58.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 58 of the SAC and therefore deny the same.

59.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 59 of the SAC and therefore deny the same, with the exception that these Defendants admit that they were aware that they were transporting Decedent on part of her journey to a destination in New Mexico.

60.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 60 of the SAC and therefore deny the same.

61.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 61 of the SAC and therefore deny the same.

62.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 62 of the SAC and therefore deny the same.

63.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 63 of the SAC and therefore deny the same.

64.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 64 of the SAC and therefore deny the same.

65.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 65 of the SAC and therefore deny the same. To the extent this paragraph can be construed as pertaining to these Defendants, the allegations contained in paragraph 65 of the SAC are denied.

66.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 66 of the SAC and therefore deny the same.

67.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 67 of the SAC and therefore deny the same.

68.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 68 of the SAC and therefore deny the same.

69.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 69 of the SAC and therefore deny the same.

70.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 70 of the SAC and therefore deny the same.

71.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 71 of the SAC and therefore deny the same.

72.     Defendants have insufficient information to admit or deny the allegations contained in paragraph 72 and therefore deny same.

73.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 73 of the SAC and therefore deny the same.

74.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 74 of the SAC and therefore deny the same.

75.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 75 of the SAC and therefore deny the same.

76.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 76 of the SAC and therefore deny the same.

77.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 77 of the SAC and therefore deny the same.

78.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 78 of the SAC and therefore deny the same.

79.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 79 of the SAC and therefore deny the same.

80.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 80 of the SAC and therefore deny the same.

81.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 81 of the SAC and therefore deny the same.

82.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 82 of the SAC and therefore deny the same.

83.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 83 of the SAC and therefore deny the same.

84.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 84 of the SAC and therefore deny the same.

85.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 85 of the SAC and therefore deny the same.

86.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 86 of the SAC and therefore deny the same.

87.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 87 of the SAC and therefore deny the same.

88.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 88 of the SAC and therefore deny the same.

89.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 89 of the SAC and therefore deny the same.

90.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 90 of the SAC and therefore deny the same.

91.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 91 of the SAC and therefore deny the same.

92.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 92 of the SAC and therefore deny the same.

93.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 93 of the SAC and therefore deny the same.

94.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 94 of the SAC and therefore deny the same.

95.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 95 of the SAC and therefore deny the same.

96.     Defendants have insufficient information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 96 of the SAC and therefore deny the same. Defendants have insufficient information to form a belief as to the truth of the allegations as they pertain to other Defendants, and therefore deny same. Defendants admit the allegations contained in the second sentence of paragraph 96 of the SAC as no medications were provided to these Defendants.

97.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 97 of the SAC and therefore deny the same.

98.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 98 of the SAC and therefore deny the same.

99.    Paragraph 99 of the SAC states legal conclusions which these Defendants are not competent to respond to. To the extent a response is deemed required by these Defendants, Defendants deny the same.

100.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 100 of the SAC and therefore deny the same.

101.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 101 of the SAC and therefore deny the same.

102.    The allegations contained in paragraph 102 of the SAC are denied.

103.    The allegations contained in paragraph 103 of the SAC are admitted as LaSalle Transport admits it transported Roxsana from Imperial to SLRDC. All remaining allegations are denied.

104.    The allegations contained in paragraph 104 of the SAC are admitted.

105.    The allegations contained in paragraph 105 of the SAC are denied.

106.    The allegations contained in paragraph 106 of the SAC are denied.

107.    The allegations contained in paragraph 107 of the SAC are denied.

108.    The allegations contained in paragraph 108 of the SAC are denied.

109.    The allegations contained in paragraph 109 of the SAC are denied.

110.    The allegations contained in paragraph 110 of the SAC are denied.

111.   The allegations contained in paragraph 111 of the SAC are denied.

112.   The allegations contained in paragraph 112 of the SAC are denied.

113.   The allegations contained in the first sentence of paragraph 113 of the SAC are denied. As to the allegations contained in the second sentence of paragraph 113 of the SAC, Defendants have insufficient information to admit or deny the allegations and therefore deny same.

114.   The allegations contained in paragraph 114 of the SAC are admitted, with the exception that these Defendants deny that they own SLRDC.

115.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 115 of the SAC and therefore deny the same.

116.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 116 of the SAC and therefore deny the same.

117.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 117 of the SAC and therefore deny the same.

118.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 118 of the SAC and therefore deny the same.

119.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 119 of the SAC and therefore deny the same.

120.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 120 of the SAC and therefore deny the same.

121.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 121 of the SAC and therefore deny the same.

122.   The allegations contained in paragraph 122 of the SAC are admitted.

123. The allegations contained in paragraph 123 of the SAC are denied.

124. The allegations contained in paragraph 124 of the SAC are admitted.

125. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 125 of the SAC and therefore deny the same.

126. The allegations contained in paragraph 126 of the SAC are denied.

127. The allegations contained in paragraph 127 of the SAC are denied.

128. Defendants have insufficient information to admit or deny the allegations contained in paragraph 128 of the SAC, and therefore deny same, with the exception that Defendants admit Roxsana remained in their custody in the transport vehicle for a period of time at Mesa.

129. The allegations contained in paragraph 129 of the SAC are denied.

130. The allegations contained in paragraph 130 of the SAC are denied.

131. The allegations contained in paragraph 131 of the SAC are denied.

132. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 132 of the SAC and therefore deny the same.

133. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 133 of the SAC and therefore deny the same.

134. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 134 of the SAC and therefore deny the same.

135. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 135 of the SAC and therefore deny the same.

136. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 136 of the SAC and therefore deny the same.

137.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraphs 137 through 201 of the SAC and therefore deny the same.

138.    Defendants admit the language contained within the quotation marks in paragraph 202 of the SAC appears to be factually correct, however Defendants dispute the applicability to these Defendants' facility. All remaining allegations contained in paragraph 202 of the SAC are denied.

139.    The allegations set forth in paragraph 203 of the SAC constitute legal and medical conclusions which these Defendants are not competent to respond to. To the extent a response can be deemed to be required, the allegations are denied.

140.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 204 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

141.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 205 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

142.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 206 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

143.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 207 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the applicable regulations. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

144.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 208 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

145.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 209 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny

they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

146.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 210 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

147.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 211 of the SAC and therefore deny the same, insofar as Plaintiff does not appear to be quoting directly from the standards or handbook. Defendants further state that the standards or regulations referenced by Plaintiff speak for themselves. Defendants deny they violated any standards or directives as alleged by Plaintiff. Any remaining allegations are denied.

148.    The allegations set forth in paragraph 212 of the SAC are denied insofar as they do not pertain to these Defendants. Further, these allegations constitute legal conclusions which these Defendants are not competent to respond to.

149.    The allegations set forth in paragraph 213 of the SAC are denied insofar as they do not pertain to these Defendants. Further, these allegations constitute legal conclusions which these Defendants are not competent to respond to.

150.    The allegations set forth in paragraph 214 of the SAC are denied insofar as they do not pertain to these Defendants. Further, these allegations constitute legal conclusions which these

Defendants are not competent to respond to. To the extent a response is deemed required, Defendants deny same.

151.    The allegations set forth in paragraph 215 of the SAC are denied insofar as they do not pertain to these Defendants. Further, these allegations constitute legal conclusions which these Defendants are not competent to respond to.

152.    The allegations set forth in paragraph 216 of the SAC are denied insofar as they do not pertain to these Defendants. Further, these allegations constitute legal conclusions which these Defendants are not competent to respond to.

153.    The allegations contained in paragraph 217 of the SAC are denied. Further, Defendants deny the allegations as these Defendants do not receive federal subsidies.

154.    The allegations contained in paragraph 218 of the SAC state legal conclusions which these Defendants are not competent to respond to, and therefore deny the same.

155.    The allegations set forth in paragraph 219 of the SAC constitute legal conclusions which these Defendants are not competent to respond to. To the extent a response can be deemed to be required, the allegations are denied.

156.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 220 insofar as they refer to other Defendants and therefore deny same. Insofar as the allegations pertain to these Defendants, they are denied.

157.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 221 insofar as they refer to other Defendants and therefore deny same. Insofar as the allegations pertain to these Defendants, they are denied.

158.    The allegations set forth in paragraph 222 of the SAC constitute legal conclusions which these Defendants are not competent to respond to. To the extent a response can be deemed to be required, the allegations are denied.

159.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 223 and therefore deny the same.

160.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 224 insofar as they refer to other Defendants and therefore deny same. Insofar as the allegations pertain to these Defendants, they admit that a medical assessment was not performed on Roxsana given that she was at SLRDC for approximately 6 hours.

161.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 225 insofar as they refer to other Defendants and therefore deny same. Insofar as the allegations pertain to these Defendants, they admit they did not provide Roxsana with medications, as none were provided to them.

162.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 226 insofar as they refer to other Defendants and therefore deny same. To the extent that any of Plaintiff's allegations of misconduct or incompetence can be construed as being directed at these Defendants, those allegations are denied.

163.    The allegations contained in paragraph 227 of the SAC require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be required, the allegations are denied.

164.    Paragraph 228 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these

19

Defendants, the allegations are denied.

165.    Paragraph 229 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these Defendants, the allegations are denied.

166.    Paragraph 230 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these Defendants, the allegations are denied.

167.    Paragraph 231 of the SAC states legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed necessary from these Defendants, the allegations are denied.

168.    Paragraphs 232-235 of the SAC set forth legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

169.    Paragraph 236 of the SAC sets forth legal and medical conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

170.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 237 insofar as they refer to other Defendants. Insofar as the allegations pertain to these Defendants, the allegations are denied.

171.    Paragraph 238 of the SAC set forth legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

172.   Paragraph 239 of the SAC set forth legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied, with the exception that Defendants admit they contracted with ICE.

173.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 240 insofar as they refer to other Defendants. Insofar as the allegations pertain to these Defendants, the allegations are admitted only to the extent these Defendants were responsible for transportation of Decedent and housing Decedent for approximately 6 hours until arrival at Mesa, Arizona. Defendants deny that they received federal subsidies. Any remaining allegations are denied.

174.   Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraphs 241-251 insofar as they refer to other Defendants. Insofar as the allegations pertain to these Defendants, the allegations constitute legal and medical conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied. Defendants affirmatively deny any discrimination against Decedent and deny any withholding or denial of medication access.

175.   Paragraphs 252-257 of the SAC represent Plaintiff's claim asserted under Cal. Code 845.6. Inasmuch as this claim was dismissed by the Court, no response to these paragraphs is required.

176.   The allegations contained in paragraph 258 require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be required, the allegations are denied.

177. With respect to the allegations contained in paragraph 259 of the SAC, Defendants admit that while they had custody of Roxsana, they were charged with her care. The remaining allegations constitute legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

178. The allegations contained in the first sentence of paragraph 260 of the SAC constitute legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied. The allegations contained in the second sentence of paragraph 260 of the SAC are denied.

179. The allegations contained in the first sentence of paragraph 261 of the SAC constitute legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied. All remaining allegations in paragraph 261 of the SAC are denied.

180. The allegations contained in paragraph 262 constitute legal and medical conclusions which these Defendants are not competent to respond to. To the extent a response is deemed required, the allegations are denied.

181. The allegations contained in paragraphs 263-268 of the SAC constitute legal and medical conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

182. The allegations contained in paragraph 269 of the SAC require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be required, the allegations are denied.

183. The allegations contained in paragraph 270 of the SAC constitute legal and medical conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

184. The allegations contained in the first sentence of paragraph 271 of the SAC constitute legal and medical conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied. All remaining allegations are denied.

185. The allegations contained in paragraph 272 of the SAC are denied.

186. The allegations contained in paragraph 273 of the SAC are denied.

187. The allegations contained in paragraph 274 of the SAC are denied.

188. The allegations contained in paragraph 275 of the SAC are denied.

189. The allegations contained in paragraph 276 of the SAC are denied, with the exception that Defendants admit Roxsana was not provided medical care, nor did she request such, during the short time these Defendants had custody of her.

190. The allegations contained in paragraph 277 of the SAC are denied.

191. The allegations contained in paragraph 278 of the SAC are denied.

192. The allegations contained in paragraph 279 of the SAC are admitted to the extent that Defendants admit no employees were disciplined. All remaining allegations are denied.

193. The allegations contained in paragraph 280 of the SAC are denied.

194. The allegations contained in paragraph 281 of the SAC require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be required, the allegations are denied.

195.    The allegations contained in paragraph 282 of the SAC are denied.

196.    The allegations contained in paragraph 283 of the SAC are denied.

197.    Defendants have insufficient information to admit or deny the allegations contained in paragraph 284 and therefore deny the same.

198.    The allegations contained in paragraph 285 of the SAC are denied, with the exception that Defendants admit that no medical care was provided to Roxsana during the brief time she was in their custody, nor was any requested.

199.    Defendants have insufficient information to admit or deny the allegations contained in paragraph 286 and therefore deny the same.

200.    Defendants deny the allegations in the first sentence of paragraph 287 of the SAC. Defendants have insufficient information to admit or deny the remaining allegations contained in paragraph 287 and therefore deny the same.

201.    The allegations contained in the first sentence of paragraph 288 of the SAC are denied. Defendants have insufficient information to admit or deny the remaining allegations contained in paragraph 288 and therefore deny the same.

202.    Defendants deny the allegations contained in paragraph 289 of the SAC.

203.    The allegations contained in paragraph 290 of the SAC require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be required, the allegations are denied.

204.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraphs 291-459 insofar as they refer to other Defendants. In the event these allegations can be construed as requiring a response from these Defendants, they are denied.

24

205.    The allegations contained in paragraph 460 of the SAC require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be required, the allegations are denied.

206.    The allegations contained in paragraph 461 of the SAC are denied to the extent that the same implies that Defendant U.S. and LaSalle had custody of Roxsana for the same duration. The remaining allegations constitute legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

207.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 462 insofar as they refer to another Defendant and therefore deny same. The allegations which refer to these Defendants are denied.

208.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 463 insofar as they refer to another Defendant and therefore deny same. In the event these allegations can be construed as requiring a response from these Defendants, they are denied.

209.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 464 insofar as they refer to another Defendant and therefore deny same. The allegations which refer to these Defendants are denied.

210.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 465 insofar as they refer to another Defendant and therefore deny same. The allegations which refer to these Defendants are denied.

211.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 466 insofar as they refer to another Defendant and therefore deny same. In the event these allegations can be construed as requiring a response from these Defendants, they are denied.

212.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 467 insofar as they refer to another Defendant and therefore deny same. In the event these allegations can be construed as requiring a response from these Defendants, they are denied.  Any remaining allegations are denied.

213.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 468 insofar as they refer to another Defendant and therefore deny same. As to the allegations which do pertain to these Defendants, they are denied. Any remaining allegations are denied.

214.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 469 insofar as they refer to another Defendant and therefore deny same. As to the allegations which do pertain to these Defendants, they are denied. Any remaining allegations are denied.

215.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 470 insofar as they refer to another Defendant and therefore deny same. As to the allegations which do pertain to these Defendants, they are denied. Any remaining allegations are denied.

216.    The allegations contained in paragraph 471 of the SAC require no response from these Defendants and therefore, none is made. To the extent that a response can be deemed to be

required, the allegations are denied.

217. The allegations contained in paragraph 472 of the SAC are denied to the extent that the same implies that Defendant U.S. and LaSalle had custody of Roxsana for the same duration. The remaining allegations constitute legal conclusions which these Defendants are not qualified to respond to. To the extent that a response can be deemed to be required, the allegations are denied.

218. The allegations contained in paragraph 473 of the SAC are denied to the extent that they refer to these Defendants.

219. The allegations contained in paragraph 474 of the SAC refer to another Defendant, thus requiring no response from these Defendants. To the extent that the allegations can be construed as requiring a response from these Defendants, the allegations are denied. Any remaining allegations are denied.

220. The allegations contained in paragraphs 475-477 of the SAC which refer to another Defendant require no response from these Defendants. The allegations which refer to these Defendants are denied. Any remaining allegations are denied.

221. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraphs 478-479 insofar as they refer to another Defendant and therefore deny same. Any allegations which can be construed as pertaining to these Defendants are denied. Any remaining allegations are denied.

222. Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraph 480 insofar as they refer to another Defendant and therefore deny same. The allegations which do pertain to these Defendants are denied. Any remaining

allegations are denied.

223.    Defendants have insufficient information to form a belief as to the truth of the allegations contained in paragraphs 481-483, insofar as they refer to another Defendant and therefore deny same. The allegations which pertain to these Defendants are denied. Any remaining allegations are denied.

224.    Any allegations contained in the SAC which have not been specifically admitted herein are hereby denied.

## Affirmative Defenses

A.    The SAC fails to state a claim for which relief may be granted.

B.    Plaintiff's damages were caused by others named and/or not named in this action.

C.    To the extent that Defendants were negligent, which is specifically denied, their negligence must be compared to that of others named and/or not named herein.

D.    Plaintiff's claims for punitive damages are barred because Defendants did not act with any culpable mental intent.

E.    Plaintiff's claims are barred by the applicable statute of limitations.

F.    Defendants' alleged acts or omissions are not the proximate cause of Plaintiff's damages.

G.    Plaintiff's damages were caused by preexisting medical conditions which acted as a superseding, intervening cause.

H.    Assumption of the risk.

I.    Estoppel.

J.    Laches.

K.      Contributory Negligence.

L.      Defendants reserve the right to assert additional affirmative defenses as warranted by discovery.

*Respectfully Submitted:*

**_/s/ Adam Daniel Rafkin, Esq., Attorney at Law_**
ADAM DANIEL RAFKIN, Esq.
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, New Mexico  88355
(575) 257-0129/(575) 257-0113 Fax
adr@rafkinlaw.com
ATTORNEY FOR DEFENDANTS
LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC, and
LASALLE MANAGEMENT COMPANY LLC

**Certificate of Service**

I HEREBY CERTIFY THAT on the 15th day of April, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel Yohalem, Esq.
Daniel Yohalem Attorney at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 983-9433/(505) 989-4844 Fax
daniel.yohalem@gmail.com
*Attorney for Plaintiff*

Dale Melchert, Esq.
Lynly Egyes, Esq.
Transgender Law Center
P.O. Box 70976
Oakland, California 94612
(510) 407-6367
(973) 454-6325
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org
*Attorney for Plaintiff*

29

Katherine Murray, Esq.
Attorney at Law
P.O. Box 5266
Santa Fe, New Mexico 87502
(505) 670-3943
kemurraylaw@gmail.com
*Attorney for Plaintiff*

R. Andrew Free, Esq.
The Law Office of R. Andrew Free
P.O. Box 90568
Nashville, Tennessee 37209
(844) 321-3221/(615) 829-8959 Fax
andrew@immigrantcivilrights.com
*Attorney for Plaintiff*

Kimberly A. Evans, Esq.
Carla Agbiro, Esq.
Grant & Eisenhofer, P.A.
123 Justison Street, 7th Floor
Wilmington, Delaware 19801
(302) 622-7000/(302) 622-7100 Fax
kevans@gelaw.com
cagbiro@gelaw.com
*Attorneys for Plaintiff*

Irene R. Lax, Esq.
Grant & Eisenhofer, P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
(646) 722-8512/(646) 722-8501 Fax
ilax@gelaw.com
*Attorney for Plaintiff*

Gregory D. Steinman, Esq.
Madison, Mroz, Steinman, Kenny &
Olexy, P.A.
P.O. Box 25467
Albuquerque, New Mexico 87125
(505) 242-2177/(505) 242-7184 Fax
gds@madisonlaw.com
*Attorneys for Defendant and Third-Party
Plaintiff Global Precision Systems, LLC*

Deborah D. Wells, Esq.
Debra J. Moulton, Esq.
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887/(505) 884-7123 Fax
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendants TransCor America,
LLC and CoreCivic, Inc.*

Daniel P. Struck, Esq., AZ Bar No. 012377
Jacob B. Lee, Esq., AZ Bar No. 030371
Anne M. Orcutt, Esq.
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
(480) 420-1600/(480) 420-1696 Fax
dstruck@strucklove.com
jlee@strucklove.com
aorcutt@structlove.com
*Attorneys for Defendants Transcor America,
LLC and CoreCivic, Inc.*

Kimberly N. Bell, Esq.
DOJ-USAO
Civil Division
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 224-1458
kimberly.bell@usdoj.gov
*Attorney for United States of America*

31

Robert F. Gentile, Esq.
Clinton E. Dow, Esq.
Guebert Gentile & Piazza, P.C.
P.O. Box 93880
Albuquerque, New Mexico 87199
(505) 823-2300/(505) 823-9600 Fax
rgentile@guebertlaw.com
cdow@guebertlaw.com
*Attorneys for Third-Party Defendant Asset*
*Protection and Security Services, L.P.*

**/s/ Adam Daniel Rafkin, Esq., Attorney at Law**
ADAM DANIEL RAFKIN, Esq.

31