IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS, as the Personal
Representative of the Wrongful Death
Estate of Roxsana Hernandez,

       Plaintiff,

v.                                 Civ. No. 20-0465 WJ/JHR

LaSalle Corrections Transport LLC *et al.*,

       Defendants.

## ORDER SETTING CASE MANAGEMENT DEADLINES AND DISCOVERY PARAMETERS

**THIS MATTER** came before the Court on a Rule 16 scheduling conference held on June 21, 2022. Following a review of the attorneys' Joint Status Report and Provisional Discovery Plan, and after conferring with counsel, the Court will permit the following discovery[1]:

   a)    Interrogatories:

        a.  Plaintiff:
            i.  Maximum of thirty-five (35) Interrogatories to the United States;
          ii.  Maximum of twenty-five (25) Interrogatories per party to all other parties;[2]
        b.  LaSalle Defendants / Global Precision System LLC / TransCor America LLC / CoreCivic Inc. / Asset Protection and Security Services, L.P.: Maximum for each of twenty-five (25) Interrogatories per party to all parties;
        c.  The United States:  Maximum of thirty (30) Interrogatories per party to all parties;

   b)    Requests for Production:

        a.  Plaintiff:

---

[1] These discovery parameters include discovery requests issued prior to the entry of this Order.

[2] LaSalle Corrections Transport LLC, LaSalle Corrections West LLC, and LaSalle Management Company LLC are considered one party for this Order.

       i.  Maximum of fifty (50) Requests for Production to the LaSalle Defendants;

      ii.  Maximum of fifty (50) Requests for Production to Global Precision System LLC;

    iii.  Maximum of thirty-five (35) Requests for Production per party to all other parties;

b.  LaSalle Defendants:

      i.  Maximum of thirty (30) Requests for Production per party to all parties;

c.  Global Precision System LLC / TransCor America LLC / CoreCivic Inc. / The United States / Asset Protection and Security Services L.P.: Maximum for each of twenty-five (25) Requests for Production per party to all parties;

c)    Requests for Admission:

a.  Plaintiff:

      i.  Maximum of thirty-five (35) Requests for Admission to the United States;

      ii.  Maximum of twenty-five (25) Requests for Admission per party to all other parties;

b.  LaSalle Defendants / Global Precision Systems LLC / TransCor America LLC / CoreCivic Inc. / Asset Protection and Security Services L,P,: Maximum for each of twenty-five (25) Requests for Admission per party to all parties;

c.  The United States:

      i.  Maximum of thirty-five (35) Requests for Admission to the Plaintiff;

        Maximum of twenty-five (25) Requests for Admission per party to all other parties;

d)    Fact Depositions:

a.  Plaintiff:

      i.  Maximum of ten (10) Fact Depositions of the United States;

      ii.  Maximum of five (5) Fact Depositions per party of all other parties;

b.  All other parties:  Maximum of ten (10) Fact Depositions each;

e)    Expert Depositions:

a.  Plaintiff: one (1) deposition of each expert;

b.  All other parties: one (1) deposition of each expert not otherwise noticed.

Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.

The Court has set the following management deadlines:

a) Deadline for Plaintiff to move to
amend pleadings/ add additional parties[3]:                    August 19, 2022

b) Deadline for Defendants[4] to move to
amend pleadings/add additional parties[3]:                    September 19, 2022

c) Plaintiff's Rule 26(a)(2) expert disclosure[5]:            February 28, 2023

d) Defendants' Rule 26(a)(2) expert disclosure[5]:            May 1, 2023

e) Termination date for discovery:                            June 30, 2023

f) Motions relating to discovery to be filed by:             July 7, 2023

g) Pretrial motions other than discovery motions (including
motions which may require a *Daubert* hearing) filed by[6]:   August 14, 2023

h) Pretrial Order from Plaintiff to Defendants 14 days after pending Pretrial motions are resolved or, if there are no pending motions, August 28, 2023

i) Pretrial Order due to Court: 14 days after the Pretrial Order from Plaintiff is served upon Defendants.

---

[3]Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a). *See, e.g., Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014).

[4] "Defendants" used in this Order includes the third-party Defendant Asset Protection and Security Services, L.P.

[5] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[6] This deadline applies to motions related to the admissibility of experts or expert testimony that may require *Daubert* hearing, but otherwise does not apply to motions in limine. The presiding judge will set a deadline for the submission of motions in limine and other trial-related deadlines in a separate order.

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute. Discovery motions that fail to conform to this requirement may be summarily denied. Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

The parties' Joint Status Report is adopted except as modified by or inconsistent with this Order.

_____
UNITED STATES MAGISTRATE JUDGE