# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOLENE K. YOUNGERS, as the Personal
Representative of the Wrongful Death
Estate of Roxsana Hernandez,

        Plaintiff,

v.                                                                                          1:20-cv-0465 WJ/JHR
                                                                                             Consolidated with
LaSalle Corrections Transport LLC,                        1:21-cv-0620 WJ/JHR
LaSalle Corrections West LLC,
LaSalle Management Company LLC,
Global Precision Systems LLC,
TransCor America LLC,
CoreCivic, Inc., and
United States of America,

        Defendants,

and

Global Precision Systems, LLC,

        Third-Party Plaintiff,

v.

Asset Protection and Security Services, L.P.,

        Third Party Defendant.

## AMENDED STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL MATERIAL[1]

       IT IS HEREBY STIPULATED by and between the parties, through their respective

counsel, that:

---

[1] This Amended Stipulated Protective Order restates the provisions of the original Stipulated
Protective Order, Doc. 98, and extends the terms of the Protective Order to Defendant United
States of America and Third-Party Defendant Asset Protective Services, L.P., parties joined in
this action after the entry of the original Protective Order.

A.      The parties to the above-captioned action (the "Action") desire to maintain the confidentiality of certain documents produced in this case, including to protect the privacy of individuals;

B.      Discovery proceedings in the Action will necessarily involve the production of certain information that the parties to the Action (the "Parties" and each a "Party") believe to be confidential and sensitive commercial, personal, financial, or business information, including information produced by a Party that it believes it may be under a legal obligation to redact and/or maintain as confidential;

C.      Therefore, in order to protect against the disclosure of sensitive and confidential material, while at the same time, observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, and to permit the Parties to discover and, if otherwise admissible, make reasonable use at trial and other matters in this litigation information relevant to the subject matter of this case, the Parties, by and through their respective counsel, hereby stipulate to the entry of this Protective Order (the "Protective Order" or "Order") which will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, as well as any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Designating Party") in this Action, and agree as follows, and respectfully request that the Court so order:

## **ORDER**

1.      This Protective Order applies to all Discovery Material, including but not limited to, documents, materials, and information, including without limitation, documents produced,

answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, the term "document" has the meaning set forth in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      The designation "Confidential" or "Highly Confidential" means the information shall be used solely for the purposes of this litigation and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose, except as permitted in this Protective Order. Any Discovery Material may only be designated as "Confidential" or "Highly Confidential" if after review by an attorney, the attorney certifies that such designation is based on a good faith belief that the document should be so designated based on the terms set forth in this Order.

4.      For purposes of this Agreement, "Confidential Material" means any Discovery Material, including but not limited to, any document or tangible matter, electronic or video recording or transcript of oral testimony, whether or not made under oath, and the content of such document, matter, recording, or transcript, designated by any Party as "Confidential" because it contains:

(a)      nonpublic personal, personnel, employment, financial, pricing, and/or tax records, medical or other information implicating privacy or proprietary interests of any Party or a third party (including any document and/or information that is subject to the Privacy Act);[2]

---

[2] Medical information, as referenced in this Protective Order, does not include, and specifically

(b)      proprietary information (proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26);

(c)      confidential material relating to or identifying current or former prisoners of any Defendant or people in the physical and/or legal custody of any Defendant, the disclosure of which could reasonably invade those prisoners' or detained persons' privacy (e.g., name, prisoner identification number, social security number, date of birth, current address); or

(d)      identifying information pertaining to the witnesses identified in Plaintiff's initial disclosures as "Jane Doe" or any other witnesses identified by Plaintiff that have immigration claims in the United States.

5.      For purposes of this Agreement, "Highly Confidential Material" means any Discovery Material, including but not limited to any document or tangible matter, electronic or video recording or transcript of oral testimony, whether or not made under oath, and the content of such document, matter, recording, or transcript, designated by any Party as "Highly Confidential" because it contains:

(a)      confidential personal information related to current or former employees of any Defendant to this Action, the disclosure of which could reasonably invade those current or former employees' personal privacy (*e.g.*, full name, social security number, date of birth, current address); or

(b)      information the release of which would reasonably jeopardize the security or operation of any facility or transport vehicle owned and/or operated by any

---

excludes, any medical information of Roxsana Hernandez.

Defendant or the United States Immigration and Customs Enforcement ("ICE"), including but not limited to policies and procedures, Post Orders, training materials, investigative materials, and facility maps/diagrams, unless that information is already publicly available, is a public record, or is required to be disclosed as public record by law.

6.     No copies of "Confidential Material" or "Highly Confidential Material" shall be made except to the extent necessary for the litigation of this Action and the Parties' preparation of this Action for trial (including any appeals).

7.     "Confidential" information shall be handled as follows:

(a)     Discovery Material designated as "Confidential" shall not be disclosed to the public in any form by the Parties or their respective counsel, nor disclosed to any other person or entity without further Order of the Court or as provided by this Order.

(b)     Discovery Material designated as "Confidential" may be disclosed by the Parties or their respective counsel only to the following persons:

i     The Parties to the Action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such Parties, or any designated representatives who are authorized to act on the Parties' behalf, including insurers, or who may be reasonably necessary to aid counsel in this Action;

ii     Counsel of record for the Parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals, and clerical or other support staff if the disclosure is reasonably and in good faith calculated to aid in the preparation or prosecution of this

specific Action and no other;

    iii    The Court and its personnel;

    iv    Court reporters who record depositions or other testimony in this case;

    v    Witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters;

    vi    Deponents, witnesses, or potential witnesses at any deposition in this Action;

    vii    Consultants not in the regular employ of the Parties that are needed to assist counsel of record in the litigation or trial of this Action;

    viii    Witnesses expected to testify at trial; and

    ix    Any other person to whom the Party who originally designated the material as confidential agrees in writing after being given five business days written notice.

8.    "Highly Confidential" information shall be handled as follows:

(a)  Discovery Material designated as "Highly Confidential" shall not be disclosed to the public in any form by the Parties or their respective counsel, nor disclosed to any other person or entity other than those specified in Paragraph 8(b) without further Order of the Court or as provided by this Protective Order.

(b)    Discovery Material designated as "Highly Confidential" may be disclosed by the Parties or their respective counsel only to the following persons:

    i.    The Parties to the Action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such Parties, or any designated representatives who are authorized to act on the

6

Parties' behalf, including insurers, or who may be reasonably necessary to aid counsel in this Action;

    ii.    Counsel of record for the Parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals, and clerical or other support staff if the disclosure is reasonably and in good faith calculated to aid in the preparation or prosecution of this specific Action and no other;

    iii.    The Court and its personnel;

    iv.    Court reporters who record depositions or other testimony in this case;

    v.    Witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters;

    vi.    Deponents, witnesses, or potential witnesses at any deposition in this Action, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

    vii.    Consultants not in the regular employ of the Parties that are needed to assist counsel of record in the litigation or trial of this Action;

    viii.    Witnesses expected to testify at trial; and

    ix.    Any other person to whom the Party who originally designated the material as confidential agrees in writing after being given five business days written notice.

9.    Disclosure of Certain Categories of Confidential Material and all Highly Confidential Material to Current and Former Detained Persons.

    (a)    This Paragraph 9 applies only to the disclosure of the categories of

Confidential Material and Highly Confidential Material identified in Paragraph 9(b) to any individual who is currently or was formerly detained at any institution operated by any Defendant ("Current or Formerly Detained Individual").  For purposes of clarity, this Paragraph 9 does not apply to the disclosure of any Confidential or Highly Confidential Material to any other individual that is not a Current or Formerly Detained Individual.

(b)     This Paragraph 9 only applies to the following categories of Confidential Material and Highly Confidential Material:

i     Any Discovery Material designated as "Confidential" pursuant to this Protective Order which contains nonpublic personal, personnel, employment, or financial information regarding any current or former employee of any Defendant;

ii     Any Discovery Material designated as "Confidential" pursuant to this Protective Order which relates to or identifies other current or former prisoners, other than Roxsana Hernandez; and

iii     All Discovery Material designated as Highly Confidential pursuant to this Protective Order.

(c)     For any disclosure of the categories of Confidential Material and Highly Confidential Material listed in Paragraph 9(b) to any Current or Formerly Detained Individual, counsel seeking to disclose such material must, at the time of disclosing the information or material to any Current or Formerly Detained Individual, first show the Highly Confidential Material to counsel for the Designating Party prior to disclosure to the Current or Formerly Detained Individual. At such time, the Designating Party and/or

its counsel will be provided with an immediate opportunity to object to the disclosure of that material to the Current or Formerly Detained Individual. For purposes of clarity, this Paragraph 9 includes, but is not limited to, any Discovery Material that contains the full name of any current or former employee of any Defendant. If the Designating Party objects to disclosure of any material listed in Paragraph 9(b) to the Current or Formerly Detained Individual, the Party seeking disclosure (or its counsel) shall then immediately proceed to meet and confer with the Designating Party and/or its counsel. If agreement regarding disclosure of the information to the Current or Formerly Detained Individual cannot be reached between the Designating Party and the Party seeking disclosure, the issue will immediately be raised to the presiding Magistrate Judge for this Action for ruling and final determination. The Magistrate Judge's determination and ruling regarding disclosure of the disputed information to the Current or Formerly Detained Individual will be binding on all Parties to this Action.

10.    For any disclosures of Discovery Material marked Confidential Material or Highly Confidential Material pursuant to this Protective Order, the person to whom the Confidential Material or Highly Confidential Material is being disclosed must first, before viewing the information, review a copy of this Protective Order and counsel shall obtain agreement, in writing, from each such person that he or she will be bound by its provisions, as follows:

I, _____, declare under penalty that I have read and understand the terms of this Order issued by the United States District Court on _____, 202_. I understand that this Order remains in effect during and after conclusion of this litigation, and I agree to be bound by it. I understand that I may be subject to penalties for contempt of Court if I violate this Order.

Dated: _____

11.     If a Party's counsel desires to use and/or disclose Confidential Material or Highly Confidential produced pursuant to this Protective Order in other lawsuits, all terms of this Protective Order will apply to the use of the Confidential Material or Highly Confidential Material in the other lawsuits. If a Party's counsel desires to use Confidential Material or Highly Confidential Material produced pursuant to this Protective Order in any other lawsuit, counsel will provide written notification to the applicable Office of the General Counsel and/or outside counsel for the Designating Party, specifying the Confidential Material or Highly Confidential Material produced pursuant to this Protective Order that counsel intends to use in the other lawsuit. Counsel will provide such notification in sufficient time (not less than two (2) weeks) prior to the use of the Confidential Material or Highly Confidential Material in the subsequent lawsuit to allow the Designating Party and/or their counsel to object to the use of the Confidential Material or Highly Confidential Material.

12.     If a Party's counsel or experts are required by law or Court order to disclose another Party's Confidential Material or Highly Confidential Material to any person or entity not identified in Paragraph 7(b) or Paragraph 8(b), the name of that person or entity will be furnished to the Designating Party as far in advance of disclosure as is reasonably possible (ideally, not less than two (2) weeks), so that the Designating Party may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or Court order. Any person not listed in Paragraph 7(b) or Paragraph 8(b) of this Protective Order who is then entitled to received Confidential Material or Highly Confidential must be furnished with a copy of this Protective Order.

13.     This Protective Order does not prohibit or restrain any Party from performing the tasks necessary to conduct discovery or prepare for trial.  Rather, this Protective Order is designed

to prevent the unwarranted disclosure of Confidential Material or Highly Confidential Material, as defined herein. Nor does this Protective Order require any party to produce Confidential Material or Highly Confidential Material.

14.     This Protective Order has no effect upon, and shall not apply to, a Designating Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Designating Party from disclosing its own Confidential Material or Highly Confidential Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Material or Highly Confidential Material obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

15.     This Protective Order does not prevent disclosure of Confidential Material or Highly Confidential Material to fulfill a contractual obligation. Any Party seeking to disclose Confidential Material or Highly Confidential Material in order to fulfill a contractual obligation must notify the Designating Party or its counsel with written notice via email or otherwise within ten (10) business days prior to disclosure or as soon as reasonably possible. The written notice must identify the Discovery Material that is sought to be disclosed, to whom disclosure shall be made, and the purpose of the disclosure. The Designating Party or counsel therefor will have the  opportunity to object to the disclosure. If the Parties cannot resolve any objection within eight (8) business days after notice is received, the Designating Party may file an appropriate motion seeking a ruling from the Court whether the disputed Discovery Material should not be disclosed. The disputed Discovery Material must not be disclosed until the Court rules on the motion. In any such motion, the Designating Party will bear the burden of persuasion.  If the Designating Party fails to file such a motion within twenty (20) days after notice of objection, the disputed Discovery Material shall be disclosed.

16.     No documents containing Confidential Material or Highly Confidential Material

may be reproduced except as necessary in the litigation of this Action. Any copy of a document containing or summarizing Confidential Material must be stamped "CONFIDENTIAL." Any copy of a document containing or summarizing Highly Confidential Material must be stamped "HIGHLY CONFIDENTIAL." The inadvertent, unintentional, or *in camera* disclosure of Confidential Material or Highly Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

17.     Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material and Highly Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

18.     Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

19.     Documents are designated as "Highly Confidential Material" by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice "HIGHLY CONFIDENTIAL."

20.     Whenever deposition testimony involves the disclosure of Confidential Material or Highly Confidential Material, the testimony should be identified on the record as Confidential wherever possible. A Party may later designate portions of depositions as Confidential Material or Highly Confidential Material after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain Confidential Material or Highly Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and the cover page of the transcripts that contain

Confidential Material or Highly Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

21.     A Party may object to the designation of a document as Confidential Material or Highly Confidential Material by giving written notice to the Designating Party via email or otherwise.  The written notice must identify the Discovery Material to which objection is made. If the Parties cannot resolve the objection within ten (10) business days after notice is received, either Party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Material or Highly Confidential Material. The disputed Discovery Material must be treated as Confidential Material or Highly Confidential Material (as designated by the Designating Party) until the Court rules on the motion. In any such motion, the Designating Party will bear the burden of establishing good cause to treat the information as Confidential Material or Highly Confidential Material.  If the Designating Party fails to file such a motion within twenty (20) days after notice of objection, the disputed Discovery Material will lose its designation as Confidential Material or Highly Confidential Material.

22.     The obligation to preserve the confidentiality of Confidential Material or Highly Confidential Material survives the termination of this Action. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

23.     Should the Parties desire to submit to the Court any Confidential Material or Highly Confidential (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed with the Clerk of the Court in accordance with U.S. Dist. Ct. for New Mexico CM/ECF Administrative Procedures Manual Section 9(h) or any other rules promulgated by the District Court in effect at the time the documents are filed.

24.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all Parties and an opportunity for them to be heard.

Nothing in this Protective Order will prevent any Party or other person from seeking modification of this Protective Order or from objecting to discovery that the Party or other person believes to be improper. Nothing in this Protective Order will prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

       IT IS SO ORDERED.

THE HONORABLE JERRY H. RITTER
United States Magistrate Judge

14