IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

      Plaintiff,

vs.                                           1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

      Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

      Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

      Third-Party Defendant.

**<u>ORDER ON MOTIONS TO COMPEL</u>**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery

Against CoreCivic (Doc. 171), filed on October 21, 2022.  Defendant filed a response (Doc.

205), and plaintiff filed a reply (Doc. 209).  This matter also comes before the Court on

Plaintiff's Motion to Compel Discovery Against Transcor (Doc. 172), filed on October 21, 2022.

Defendant filed a response (Doc. 204), and plaintiff filed a reply (Doc. 210).  The Court held a

hearing on the motions on April 26, 2023.  *See* Doc. 230.  Having reviewed the briefing and the

relevant law and the facts, and for the reasons stated at the hearing, the Court finds the motions

should be GRANTED IN PART, DENIED IN PART, and that the Court should reserve ruling in

part.  The Court rules as follows:

1. As to both motions (Docs. 171, 172), the Court finds a significant number of CoreCivic's and Transcor's objections to be boilerplate/insufficient.  The Court orders both CoreCivic and Transcor to either withdraw the objections or to make them sufficiently specific.  If CoreCivic and/or Transcor find a term (such as "order") ambiguous or vague, defendant(s) either need to reach out to plaintiff about what the term means or look in a dictionary, define the term, and then answer/respond.  The Court advises defendants that objections such as "overly broad" and "unduly burdensome" without more is not sufficient.  Defendant(s) must explain why the RFP or interrogatory is overly broad or unduly burdensome for this to be a valid objection.  The Court orders CoreCivic and Transcor to either withdraw the objections or make them sufficient within 21 days; plaintiff will then have 14 days to respond, and the parties will then have 14 days to meet and confer.

The Court rules as follows for the other disputes raised in Plaintiff's Motion to Compel Discovery Against CoreCivic (Doc. 171):

1. The Court grants in part and denies in part Plaintiff's request to order CoreCivic "to produce all documents and information related to its investigation of Plaintiff's death in response to Interrogatory 13 and RFP 2."  Doc. 171 at 8–14.  Plaintiff's request for an order compelling CoreCivic to produce Craig Vandiver's entire investigation file is found to be moot.  Plaintiff's request for an order compelling CoreCivic to search for communications from Craig Vandiver is granted.  CoreCivic is ordered to search for communications from Mr. Vandiver through March 2020.  Plaintiff's request for an order compelling CoreCivic to produce all documents withheld as work-product and under attorney-client privilege is granted in part.  The Court orders defendant to amend the log it produced in response to the IPRA request to describe the role of each person, the nature of the document, and why the work product or attorney-client privilege applies.  Defendant shall include the same information for any documents withheld under work product or attorney-client privilege that are not already included on the IPRA log.

2. The Court defers ruling on plaintiff's request to compel CoreCivic to produce information related to other asylum seekers, as raised in Interrogatories 4, 5, 8, and 9 and RFPs 6, 7, and 9–12.  The Court holds that 8 C.F.R. § 236.6 does not preclude disclosing information in this case because that regulation only precludes the public disclosure of information.  The Court finds that information disclosed subject to a confidentiality order is not being made public.

3. The Court grants in part plaintiff's request to compel CoreCivic to conduct an ESI search. The Court orders the parties to meet and confer within 21 days to resolve disputes over ESI searches and to come up with mutually acceptable search terms. If the disputes are not resolved after the meet and confer process, plaintiff shall have 14 days to respond to the areas of dispute, and defendant shall have 14 days to reply/further meet and confer. Presuming the parties are able to agree on an ESI protocol, the Court further orders defendants to search for responsive ESI through June 2020, and advises plaintiff to reduce the number of people and search terms wherever possible. The Court will order the parties to update the Court about unresolved areas of dispute, including in relation to RFP 20, 21, 22 and 23. The Court limits RFP 20 to use of force and failure to provide medical treatment to the extent that these exist from May 2013 to June 2020. The Court orders CoreCivic to respond to RFP 21 only as it relates to Roxsana at this time. The Court limits RFP 22(b) to medical neglect, use of force, and failure to provide medical treatment of any detained person from May 1, 2018 to present. The Court finds the dispute over RFP 23 to be moot.

4. The Court grants in part and denies in part plaintiff's request to compel CoreCivic to produce documents and information related to the training and supervision of its employees. *See* Doc. 171 at 20–23 (RFPs 5,6, 8, 14, 15 and Interrogatories 7, 11, 13). The Court orders CoreCivic to produce the requested discovery for those employees who were directly "involved in the incidents that give rise to the lawsuit." *See O'Reilly Auto.*, 2009 WL 10706900, at *5. The Court generally denies plaintiff's request to compel CoreCivic to produce responsive information about supervisors, but does order CoreCivic to provide the identities of the supervisors.

5. The Court grants in part and denies in part plaintiff's request to compel CoreCivic to fully answer Interrogatory 3 and respond to RFP 17. For Interrogatory 2, the Court denies plaintiff's request to compel defendant to produce suits that were dismissed in screening. The Court orders defendant to produce information about lawsuits filed from 2013 through May 25, 2018, with the addition of any lawsuits filed after May 25, 2018 whose basis for filing occurred before May 25, 2018. For RFP 17, the Court orders defendant to produce its use force policy subject to the protective order previously entered in this case.

6. The Court declines to award attorney's fees pursuant to Rule 37(a)(5)(A).

The Court rules as follows for the other disputes raised in Plaintiff's Motion to Compel Discovery Against Transcor (Doc. 172):

1. The Court defers ruling on plaintiff's request to compel TransCor to produce information related to other asylum seekers, as raised in Interrogatories 4 and 7 and RFPs 4, 10 and 19. The Court holds that 8 C.F.R. § 236.6 does not preclude disclosing information in this case because that regulation only precludes the public disclosure of information. The Court finds that information disclosed subject to a confidentiality order is not being made public.

2. The Court grants in part and denies in part plaintiff's request to compel TransCor to conduct an ESI search. The Court orders the parties to meet and confer within 21 days to resolve disputes over ESI searches to come up with mutually acceptable search terms. If the disputes are not resolved after the meet and confer process, plaintiff shall have 14 days to respond to the areas of dispute, and defendant shall have 14 days to reply/further meet and confer. For RFP 15, the Court finds plaintiff's request for training transcripts to be moot and denies plaintiff's request to compel emails related to training. For RFP 19, the Court orders TransCor to produce all communications concerning or referencing or relating to Roxsana at this time. The Court will limit RFP 20 to failure to provide medical treatment to the extent that these exist from May 2013 to June 2020.

3. The Court generally denies plaintiff's request to compel TransCor to fully respond to RFP 3 and RFP 8. However, the Court orders TransCor to provide confirmation by letter that everything responsive to RFP 3 and RFP 8 has been provided.

4. The Court notes that plaintiff withdrew her motion regarding RFPs 13, 14, and 17.

5. The Court declines to award attorney's fees pursuant to Rule 37(a)(5)(A).

Finally, the Court orders the parties to file a joint status report no later than **June 26, 2023**, outlining any areas of remaining disagreement related to the issues raised in these motions to compel. Docs. 171, 172. In addition, the parties are reminded that if they have discrete discovery disputes that can be resolved through a telephonic conference with Judge Rozzoni, they should contact chambers (505-348-2300). Judge Rozzoni's guidelines for telephonic conferences can be found at https://www.nmd.uscourts.gov/content/honorable-jennifer-rozzoni (under "General Procedures"). Both parties must agree to this process to resolve a discovery dispute prior to the parties contacting the Court.

Jennifer M. Rozzoni
United States Magistrate Judge

4