IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

       Plaintiff,

vs.                                                                            1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

       Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

       Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

       Third-Party Defendant.

## ORDER ON MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery Against Defendant United States of America (Doc. 220), filed on March 13, 2013. Defendant United States filed a response (Doc. 226), and plaintiff filed a reply (Doc. 229). The Court held a hearing on the motions on May 10, 2023. *See* Doc. 236. Having reviewed the briefing and the relevant law and the facts, and for the reasons stated at the hearing, the Court finds the motion

should be GRANTED IN PART and DENIED IN PART.

The Court rules as follows:

1. The Court finds a number of the United States' objections to be boilerplate/insufficient. The Court orders the United States to either withdraw the objections or to make them sufficiently specific. If the United States find a term ambiguous or vague, defendant either needs to reach out to plaintiff about what the term means or look in a dictionary, define the term, and then answer/respond. The Court advises defendant that objections such as "overly broad" and "unduly burdensome" without more is not sufficient. Defendant must explain why the RFP or interrogatory is overly broad or unduly burdensome for this to be a valid objection. The Court orders the United States to either withdraw the objections or make them sufficient within 21 days; plaintiff will then have 14 days to respond, and the parties will then have 14 days to meet and confer.

2. The Court finds the issues raised in the motion to compel regarding the privilege log to be moot. The Court orders the United States to remove redactions from the FOIA production if they were not done by an attorney, and to produce a privilege log for any remaining redactions.

3. The Court overrules the United States' objections based on 8 C.F.R. § 208.6 and orders the United States to produce a full list of names and aliases and the last known contact information for the 28 asylum seeker witnesses in this case, and to un-redact this same information from discovery responses/answers. This information should be produced subject only to a stringent protective order, which the parties are instructed to draft for the Court's approval and entry on or before May 24, 2023.[1] The Court denies plaintiff's requests for additional information regarding these asylum seekers in RFPs 5, 6, 8–10, 12–14 and 19 and in Interrogatories 5, 20, 21 and 22 because it finds the information sought is not relevant.

4. In relation to plaintiff's motion to compel the United States to fully respond to RFP 2, RFP 3, and Interrogatory 13, the Court orders the United States, no later than May 22, 2023, to confirm with plaintiff that it has produced all draft reports. In addition, the Court orders the United States to produce all materials used in preparing final investigative reports. To the extent the United States believes that any materials or information within the materials are privileged, it must produce a companion privilege log. Finally, the Court orders the United States to amend its response to RFP 3 to state whether it had investigations completed by other entities and, if so, the dates it received these investigations.

5. In relation to plaintiff's request to compel the United States to search for and produce ESI responsive to RFPs 4, 19, 20 and 22 and Interrogatory 17, the Court orders the United States to respond to plaintiff's proposed ESI search protocol by May 24, 2023. The

---

[1] The court did not set this date during the hearing but believes that this is a reasonable amount of time to agree upon and file the protective order.

    Court further orders the parties to meet and confer about any unresolved issues related to ESI, no later than June 7, 2023.

6. The Court denies plaintiff's request to compel the United States to provide discrepancy reports and prior complaints in response to RFP 7.  Plaintiff may send a new RFP specifically asking for this information.

7. Plaintiff's request for an order compelling the United States to produce training materials is granted in part.  The United States shall produce responsive information from CBP within the next two days, and from ICE no later than June 7, 2023.

8. The Court orders the United States to produce complaints and investigations raising the same or similar issues that plaintiff raises against the United States in this case for the period of May 2013 to May 2018 (to include lawsuits and investigations after May 25, 2018 whose factual basis occurred before May 25, 2018).  The United States may redact the names and identifying information about other asylum seekers in these responses/answers.

9. The Court declines to award attorney's fees pursuant to Rule 37(a)(5)(A).

*Jennifer M. Rozzoni*
Jennifer M. Rozzoni
United States Magistrate Judge