IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

       Plaintiff,

vs.                                  1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

       Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

       Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

       Third-Party Defendant.

## SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery

Against CoreCivic (Doc. 171) and Plaintiff's Motion to Compel Discovery Against Transcor

(Doc. 172). The Court deferred ruling on some of the issues raised in these motions until after a

hearing on a separate discovery motion was held on May 10, 2023. *See* Doc. 231. For the

reasons stated at the May 10, 2023 hearing, the Court rules as follows:

1.  In relation to plaintiff's request to compel CoreCivic to produce information related to other asylum seekers, as raised in Interrogatories 4, 5, 8, and 9 and RFPs 6, 7, and 9–12, the Court holds that 8 C.F.R. § 236.6 does not preclude disclosing information in this case because that regulation only precludes the public disclosure of information, and that information disclosed subject to a confidentiality order is not being made public. However, the Court denies plaintiff's request to compel responses to these interrogatories and RFPs as they relate and seek information specific to other asylum seekers and unrelated to the claims of plaintiff[1] because the Court finds that they do not seek relevant information. If CoreCivic has produced documents responsive to other discovery requests where it redacted the names of asylum seekers, the Court orders CoreCivic to provide unredacted documents. This information should not be redacted from future discovery responses. These documents shall be subject to a stringent protective order, which the parties shall prepare and submit to the Court.

2.  In relation to plaintiff's request to compel TransCor to produce information related to other asylum seekers, as raised in Interrogatories 4 and 7 and RFPs 4, 10 and 19, the Court holds that 8 C.F.R. § 236.6 does not preclude disclosing information in this case because that regulation only precludes the public disclosure of information, and information disclosed subject to a confidentiality order is not being made public. However, the Court denies plaintiff's request to compel responses to these interrogatories and RFPs as they relate and seek information specific to other asylum seekers and unrelated to the claims of plaintiff because the Court finds that they do not seek relevant information. If TransCor has produced documents responsive to other discovery requests where it redacted the names of asylum seekers, the Court orders TransCor to provide unredacted documents. This information should not be redacted from future discovery responses. These documents shall be subject to a stringent protective order, which the parties shall prepare and submit to the Court.

Jennifer M. Rozzoni
United States Magistrate Judge

---

[1] Such information would include the names of employees other asylum seekers interacted wholly unrelated to plaintiff and her claims.