**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JOLENE K. YOUNGERS, as the Personal
Representative of the Wrongful Death
Estate of Roxsana Hernandez,**

          **Plaintiff,**

**v.**

        **1:20-cv-0465 WJ/JMR
Consolidated with**

**LaSalle Corrections Transport LLC,**        **1:21-cv-0620 WJ/JMR**
**LaSalle Corrections West LLC,
LaSalle Management Company LLC,
Global Precision Systems LLC,
TransCor America LLC,
CoreCivic, Inc., and
United States of America,**

         **Defendants,**

**and**

**Global Precision Systems, LLC,**

         **Third-Party Plaintiff,**

**v.**

**Asset Protection and Security Services, L.P.,**

         **Third Party Defendant.**

**<u>PROTECTIVE ORDER CONCERNING
PRODUCTION OF INFORMATION ABOUT OTHER ASYLUM SEEKERS</u>**

On May 11, 2023, the Court ordered Defendants United States of America (the "USA") to produce a full list of names and aliases and the last known contact information for the 28 asylum seeker witnesses (hereinafter referred to as the "Other Asylum Seekers") relevant to the above-captioned action (the "Action"). ECF 237. The Court also ordered Defendants USA, CoreCivic, Inc., and TransCor America LLC to undo their redaction of the identities of the Other Asylum Seekers in any discovery responses, answers, and document productions that said Defendants previously produced in redacted format. ECF 237 and 238. The Court further ordered that the

parties draft a stringent protective order for the Court's approval and submit the same on or before May 24, 2023.  The Parties to this Action desire to maintain and protect the confidentiality of the identities of Other Asylum Seekers ("OAS"), information regarding OAS, and documents produced in the Action that identify or pertain to OAS as ordered by the Court in ECF 237 and 238.

Pursuant to the Court's Orders, IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that:

A.    The parties to the Action desire to maintain and protect the confidentiality of the identities of Other Asylum Seekers ("OAS"), information regarding OAS, and documents produced in the Action that identify the OAS as ordered by the Court in ECF 237 and 238 to protect the privacy of said individuals.

B.    This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Action, whether the Documents or other information identifying information pertaining to the OAS are produced by a party or a person or entity who is not a party to this action.

C.    The parties want to protect against the public disclosure of the Other Asylum Seekers' identities, while at the same time observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, and to permit the Parties to discover and, if otherwise admissible,  make reasonable use at trial and other matters in this litigation of the Other Asylum Seekers' identities and documents identifying same, the Parties hereby stipulate to the entry of this Protective Order (the "Protective Order" or "Order") which will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, as well as any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom, which discloses the identities

of the Other Asylum Seekers ("OAS Discovery Material").

The parties further stipulate and agree as follows, and respectfully request that the Court so order:

## **ORDER**

1.     This Protective Order applies to all OAS Discovery Material, including but not limited to, documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits, deposition transcripts, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure or any information ordered to be produced by order of the Court, including but not limited to any document or tangible matter, electronic or video recording or transcript of oral testimony, whether or not made under oath, and the content of such document, matter, recording, or transcript.

2.     This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

3.     As used in this Protective Order, the term "document" has the meaning set forth in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4.     "OAS Highly Confidential Information" shall mean information that involves the names, aliases, and last known contact information of the OAS as ordered.  When produced during discovery in this Action, OAS Highly Confidential Information must bear the designation "OAS Highly Confidential."  The designation "OAS Highly Confidential" means the information shall be used solely for the purposes of this litigation and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose, except as permitted in this Protective Order.

5.     For purposes of this Agreement, "OAS Highly Confidential" means any OAS

Discovery Material, including but not limited to any document or tangible matter, electronic or video recording or transcript of oral testimony, whether or not made under oath, and the content of such document, matter, recording, or transcript, designated by any Party as "OAS Highly Confidential" because it contains the identities of the Other Asylum Seekers.

6. No copies of "OAS Highly Confidential Information" shall be made except to the extent necessary for the litigation of this Action and the Parties' preparation of this Action for trial (including any appeals).

7. "OAS Highly Confidential Information" shall be handled as follows:

(a) Discovery Material designated as "OAS Highly Confidential" shall not be disclosed to the public in any form by the Parties or their respective counsel, nor disclosed to any other person or entity other than those specified in Paragraph 7(b) without further Order of the Court or as provided by this Protective Order.

(b) Discovery Material designated as "OAS Highly Confidential" may be disclosed by the Parties or their respective counsel only to the following persons:

i. The Parties to the Action whose counsel have signed and filed with the Court their declaration in the form attached hereto as "Exhibit A" on their behalf, including any officers, managers or directors of such Parties, or any designated representatives who are authorized to act on the Parties' behalf, including insurers, or who may be reasonably necessary to aid counsel in this Action;

ii. Counsel of record for the Parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals, and clerical or other support staff if the disclosure is reasonably and in good faith calculated to aid in the preparation or prosecution of this specific Action and no other;

    iii.    The Court and its personnel;

    iv.    Court reporters who record depositions or other testimony in this case;

    v.    Witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters;

    vi.    Deponents, witnesses, or potential witnesses at any deposition in this Action, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

    vii.    Consultants not in the regular employ of the Parties that are needed to assist counsel of record in the litigation or trial of this Action; and

    viii.    Witnesses expected to testify at trial, only to the extent necessary to conduct or prepare for trial testimony.

8.    Neither the termination of this Action nor the termination of employment of any person who has had access to any OAS Highly Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

9.    In the event a party seeks to file any document containing OAS Highly Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.  The submitting party may file a document designated as OAS Highly Confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the

5

document under seal, identifying the party that has designated the material as OAS Highly Confidential.

10.     For any disclosures of OAS Highly Confidential Information pursuant to this Protective Order, the person (other than those listed in subparagraphs 7(b)(i)-(iv)) to whom the OAS Highly Confidential Material is being disclosed must first, before viewing the information, review a copy of this Protective Order and sign a declaration in the form attached hereto as "Exhibit A.":

11.     Persons receiving OAS Highly Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

12.     If additional persons or entities become parties to this Action, they must not be given access to any OAS Highly Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

13.     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed OAS Highly Confidential Information in accordance with this Protective Order, has disclosed OAS Highly Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains OAS Highly Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the OAS Highly Confidential Information and to prevent further unauthorized disclosures of the OAS Highly Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made,

6

the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the OAS Highly Confidential Information that was the subject of the unauthorized disclosure.

14.    Party counsel may not use and/or disclose the OAS Highly Confidential Material produced pursuant to this Protective Order in any other lawsuits or for any purpose outside of this Action.

15.    If a Party's counsel or experts are required by law or Court order to disclose any OAS Highly Confidential Material to any person or entity not identified in Paragraph 7(b), the name of that person or entity will be furnished to the party or nonparty producing Discovery Material ("Designating Party") as far in advance of disclosure as is reasonably possible (ideally, not less than two (2) weeks), so that the Designating Party may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or Court order. Any person not listed in Paragraph 7(b) of this Protective Order who is then entitled to received OAS Highly Confidential Information must be furnished with a copy of this Protective Order.  The party ordered to provide the disclosure must make best efforts to obtain the declaration in the form attached hereto as "Exhibit A."

16.    This Protective Order does not prohibit or restrain any Party from performing the tasks necessary to conduct discovery or prepare for trial.  Rather, this Protective Order is designed to prevent the unwarranted disclosure of OAS Highly Confidential Information, as defined herein.

17.    No documents containing OAS Highly Confidential Information may be reproduced except as necessary in the litigation of this Action. Any copy of a document containing or summarizing OAS Highly Confidential Information must be stamped "OAS HIGHLY CONFIDENTIAL." The inadvertent, unintentional, or *in camera* disclosure of OAS Highly Confidential Information will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

18.    Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of OAS Highly Confidential Information. Counsel must also advise their clients about the requirements of this Protective Order.

19.    Documents are designated as "OAS Highly Confidential Information" by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "OAS HIGHLY CONFIDENTIAL."

20.    Whenever deposition testimony involves the disclosure of OAS Highly Confidential Information, the testimony should be identified on the record as OAS Highly Confidential wherever possible. A Party may later designate portions of depositions as OAS Highly Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain OAS Highly Confidential Information shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated OAS HIGHLY CONFIDENTIAL and the cover page of the transcripts that contain OAS Highly Confidential Information shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

21.    A Party may object to the designation of a document as OAS Highly Confidential by giving written notice to the Designating Party. The written notice must identify the Discovery Material to which objection is made and the grounds for the objection. If the Parties cannot resolve the objection within ten (10) business days after notice is received, the Challenging party may move the Court for a ruling on the objection. The disputed Discovery Material must be treated as OAS Highly Confidential Information (as designated by the Designating Party) until the Court rules on the motion or the matter has been otherwise resolved.

22.    The obligation to preserve the confidentiality of OAS Highly Confidential Information survives the termination of this Action. The Court will retain continuing jurisdiction

to enforce the terms of this Protective Order.

23.    Should the Parties desire to submit to the Court any OAS Highly Confidential Information (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed with the Clerk of the Court in accordance with U.S. Dist. Ct. for New Mexico CM/ECF Administrative Procedures Manual Section 9(h) or any other rules promulgated by the District Court in effect at the time the documents are filed.

24.    Nothing in this Protective Order will prevent any Party from objecting to discovery that the Party or other person believes to be improper. Nothing in this Protective Order will prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

25.    Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps as follows:

(a)    Either to destroy or to delete all items designated as OAS Highly Confidential Information or to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed OAS Highly Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to

Receiving Party.

(b) For material that contains or reflects OAS Highly Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains OAS Highly Confidential Information subject to this Protective Order.

(c) Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains OAS Highly Confidential Information, so long as such material is and remains clearly marked to reflect that it contains OAS Highly Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any OAS Highly Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

(d) In particular, attorneys for the United States may maintain copies of any documents designated OAS Highly Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such OAS Highly Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

JENNIFER M. ROZZONI
United States Magistrate Judge

10

APPROVED:

*Cynthia Morgan [approved via email 5/24/23]*

Cynthia Morgan, *Pro Hac Vice*
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 622-7086
cmorgan@gelaw.com

Irene R. Lax, *Pro Hac Vice*
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646)-722-8512
ilax@gelaw.com

Dale Melchert, *Pro Hac Vice*
Lynly Egyes, *Pro Hac Vice*
Transgender Law Center
P.O. Box 70976
Oakland, CA 94612
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org

Daniel Yohalem
Attorney at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
Phone: 505-983-9433 Fax 505-989-4844
During Covid:  505-690-2193
Daniel.yohalem@gmail.com

Katherine Murray
Attorney at Law
P.O. Box 5266
Santa Fe, New Mexico 87502
Phone: 505-670-3943

*Attorneys for Plaintiff Jolene K. Youngers*
*as Personal Representative of the Wrongful*
*Death Estate of Roxsana Hernandez*

11

*Anne M. Orcutt [approved via email 5/24/23]*

Anne M. Orcutt
Daniel P. Struck
Jacob B. Lee
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel:  (480) 420-1600
Fax:  (480) 420-1695
aorcutt@strucklove.com
dstruck@strucklove.com
jlee@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants TransCor America, LLC
and CoreCivic Inc.*

*Adam D. Rafkin [approved telephonically 5/24/23]*
Adam D. Rafkin
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, NM 88355
(575) 257-0129
adr@rafkinlaw.com

*Attorney for Defendants
LaSalle Corrections Transport LLC,
LaSalle Corrections West LLC, and
LaSalle Management Company, LLC*

*Gregory D. Steinman [approved via email 5/24/23]*
Gregory D. Steinman
Wan Erh Chen
Madison, Mroz, Steinman, Kenny & Olexy, P.A.
P.O. Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177
gds@madisonlaw.com
akt@madisonlaw.com

*Attorneys for Defendant*
*Global Precision Systems, LLC*

*Brett Eaton*
Brett Eaton
Assistant U.S. Attorney
United States Attorney's Office
P.O. Box 607
Albuquerque, NM 87102
(505) 224-1469
brett.eaton@usdoj.gov

*Attorney for Defendant*
*United States of America*


*Clinton E. Dow [approved via email 5/24/23]*
Clinton E. Dow
Robert Gentile
Guebert Bruckner P.C.
P.O. Box 93880
Albuquerque, NM 93880
(505) 823-2300
cdow@guebertlaw.com
rgentile@guerbertlaw.com

*Attorneys for Third-Party Defendant*
*Asset Protection and Security Services, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOLENE K. YOUNGERS, AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL DEATH
ESTATE OF ROXSANA HERNANDEZ,

                   PLAINTIFF,

V.                                              1:20-CV-0465 WJ/JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

                   DEFENDANTS,
AND

GLOBAL PRECISION SYSTEMS, LLC,

                   THIRD-PARTY PLAINTIFF,

V.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

                   THIRD PARTY DEFENDANT.

## CERTIFICATION

I hereby declare that I have read and that I understand the Stipulated Protective Order for Protection of Information About Other Asylum Seekers entered in the above-captioned case. I further declare that I will comply with all of the terms and conditions of this Protective Order, and that I will not disclose any OAR Highly Confidential Information, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order. I will maintain any Confidential Information in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. I understand that any unauthorized disclosure may subject me to a ruling of contempt or other sanction imposed by the District Court. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of New Mexico with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt

14

Exhibit A

of that Order.


Executed this __ day of _____ by _____
                                                (Print Name)


Signed _____