IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Joleen K. Youngers,
as the Personal Representative of the
Wrongful Death Estate of Roxsana
Hernandez,

   Plaintiff,

vs.              Cause No. 1:20-cv-00465-WJ-JMR

LaSalle Corrections Transport LLC,
LaSalle Corrections West LLC,
LaSalle Management Company LLC
Global Precision Systems LLC,
TransCor America LLC,
CoreCivic, Inc., and
United States of America,

   Defendants.

and

Global Precision Systems, LLC,

   Third-Party Plaintiff,

vs.

Asset Protection and Security Services, L.P.,

   Third-Party Defendant.

**LASALLE DEFENDANTS' POSITION STATEMENT
PURSUANT TO THE COURT'S ORDER
<u>FROM THE AUGUST 10, 2023 STATUS CONFERENCE (DOCS 280 and 281)</u>**

1

Pursuant to the Court's Order at the August 10, 2023 hearing in this matter (Docs. 280 and 281), following will constitute the LaSalle Defendants' Position Statement regarding the various issues to be addressed at the August 31, 2023 informal discovery conference:

**Issues I:** **Plaintiff and USA ESI and FOIA Redactions Dispute and**

**Issue II:** **Plaintiff, TransCor and CoreCivic's ESI Dispute:**

The LaSalle Defendants take no position as to Issues I & II other than to the extent production of same will impact discovery deadlines. The LaSalle Defendants would request that the discovery deadlines be established sufficiently far enough out to allow review by all parties of the additional discovery produced prior to depositions of expert witnesses.

**Issue III:** **Expert Deposition Preparation Fees:**

All of the relevant cases on this issue appear to be trial-level opinions. The only New Mexico federal case opinion on this issue appears to be *Jones v. City of Albuquerque*. In that case, the Court concluded that there were not "compelling circumstances" which warranted the deposing party to pay for the expert's preparation time. The *Jones* Court stated:

> "Unlike the facts in Boos, the facts in the present case do not justify compensation of the expert's preparation time. Here, Plaintiff filed his Rule 26 expert report on July 29, 2005. [Doc. 123.] The expert deposition was held October 17, 2005, less than three months after the report was submitted. Thus, this is not a case where the expert prepared his report and then waited over a year before being deposed, thereby requiring extensive preparation time. Nor does the Court find convincing Plaintiff's argument that his expert had to spend over 50 hours to prepare for the deposition, notwithstanding Defendants' production of documents after the report was submitted...
>
> Finally, based on the diverging judicial opinions on this issue and the ambiguous language of Rule 26, the Court determines it has discretion in deciding whether or not to award compensation for an expert's deposition preparation, depending on the

circumstances of the case. Here, the Court does not find compelling circumstances to justify such compensation. In addition, the Court does not conclude that the requested fees and preparation time are "eminently reasonable."

Accordingly, IT IS ORDERED that Jones' motion for expert witness deposition preparation fees [Doc. 123] is DENIED."

*Jones v. City of Albuquerque*, 2005 WL 8163692, at *2–3 (D.N.M., 2005).

Further, there is a very persuasive policy reason for not requiring the party taking the deposition to pay for the expert's preparation time. While the party taking the deposition can control the amount of time the deposition takes, the party has no control whatsoever over the amount of time the expert takes to prepare for the deposition. Over 25,000 pages of documents have been disclosed by the various parties during discovery so far. If Defendants are ordered to pay for Plaintiff's experts' deposition preparation fees, Plaintiff could tell her experts to review all documents produced in this case, and Defendants would therefore be responsible for an unfathomable amount of expert witness deposition preparation fees. It is fundamentally unfair for a party taking an expert deposition to be financially responsible for expert preparation fees, over which it has absolutely no control.

> "This argument, however, fails to acknowledge a critical distinction between a deposition and preparation. The lawyer taking the expert deposition has an ability to control the length of the examination and thereby limit the expert fees incurred as a result of that deposition. Counsel does not have a similar ability to control or limit the time allegedly spent in deposition preparation."
>
> *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 592 (D.Colo.,2009).

In *Willis v. Bender*, the Court noted as much:

> "Although, some courts allow for reasonable compensation for an expert's preparation for a deposition, this Court has not allowed it. In addition, the Court finds that an expert should not charge another party for the time it takes to become 'prepared, alert, and ready to respond' to a deposition in a case that they are to render an expert opinion. Being deposed is part of being a litigation expert and the expert must expect to be deposed. In preparing to render his opinion, Dr. Gardiner should have anticipated being deposed by opposing counsel."

*Willis v. Bender*, 2007 WL 9697766 at 4 (D. Wyoming)

Thus, expert deposition preparation expense should be the responsibility of the party designating each expert.

**Issue IV:** **Expert Deposition Scheduling Dispute:**

Undersigned Counsel for the LaSalle Defendants misspoke at the August 10, 2023 hearing in that undersigned counsel forgot that Plaintiff had agreed to make each of her experts available for two (2) consecutive days for depositions. As such, undersigned counsel does not believe this is an issue any longer.

**Issue V:** **Extending Case Management Deadlines:**

Based on undersigned counsel's upcoming trial schedule for the next several months, taking into account what is believed to be an extensive amount of ESI production, and in agreement with the other Defendants in this matter, undersigned counsel would agree to the dates proposed by counsel for the TransCor and CoreCivic Defendants.

Respectfully Submitted:

*/s/ Adam Daniel Rafkin, Esq., Attorney at Law*
ADAM DANIEL RAFKIN, Esq.
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, New Mexico 88355
(575) 257-0129/257-0113 Fax
adr@rafkinlaw.com
**ATTORNEY FOR LASALLE DEFENDANTS**

## Certificate of Service

I HEREBY CERTIFY THAT on the 28th day of August, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Daniel Yohalem, Esq.
Daniel Yohalem Attorney at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 983-9433/(505) 989-4844 Fax
daniel.yohalem@gmail.com
*Attorney for Plaintiff*

Dale Melchert, Esq.
Lynly Egyes, Esq.
Transgender Law Center
P.O. Box 70976
Oakland, California 94612
(510) 407-6367
(973) 454-6325
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org
*Attorney for Plaintiff*

Irene R. Lax, Esq.
Grant & Eisenhofer, P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
(646) 722-8512/(646) 722-8501 Fax
ilax@gelaw.com
*Attorney for Plaintiff*

Cynthia Morgan, Esq.
Grant & Eisenhofer, P.A.
123 Justison Street, 7th Floor
Wilmington, Delaware 19801
(302) 652-9975
cmorgan@gelaw.com
*Attorney for Plaintiff*

| | |
|---|---|
| Gregory D. Steinman, Esq.<br>Wan Erh Chen, Esq.<br>Paul M. Cash, Esq.<br>Madison, Mroz, Steinman, Kenny & Olexy, P.A.<br>P.O. Box 25467<br>Albuquerque, New Mexico 87125<br>(505) 242-2177/(505) 242-7184 Fax<br>gds@madisonlaw.com<br>wc@madisonlaw.com<br>pmc@madisonlaw.com<br>*Attorneys for Defendant and Third-Party Plaintiff Global Precision Systems, LLC* | Deborah D. Wells, Esq.<br>Debra J. Moulton, Esq.<br>Kennedy, Moulton & Wells, P.C.<br>2201 San Pedro NE, Bldg. 3, Suite 200<br>Albuquerque, New Mexico 87110<br>(505) 884-7887/(505) 884-7123 Fax<br>ddwells@kmwpc.com<br>dmoulton@kmwpc.com<br>*Attorneys for Defendants TransCor America, LLC and CoreCivic, Inc.* |
| Daniel P. Struck, Esq., AZ Bar No. 012377<br>Jacob B. Lee, Esq., AZ Bar No. 154613<br>Dana M. Keene, Esq. AZ Bar No. 033619<br>Struck Love Bojanowski & Acedo, PLC<br>3100 West Ray Road, Suite 300<br>Chandler, Arizona   85226<br>(480) 420-1600/(480) 420-1696 Fax<br>dstruck@strucklove.com<br>jlee@strucklove.com<br>dkeene@strucklove.com<br>*Attorneys for Defendants TransCor America, LLC and CoreCivic, Inc.* | Brett C. Eaton, Esq.<br>Assistant United States Attorney<br>P.O. Box 607<br>Albuquerque, New Mexico 87103<br>(505) 346-7274/(505) 346-7205 Fax<br>Brett.Eaton@usdoj.gov<br>*Attorney for United States of America* |
| Robert F. Gentile, Esq.<br>Clinton E. Dow, Esq.<br>Guebert Gentile & Piazza, P.C.<br>P.O. Box 93880<br>Albuquerque, New Mexico 87199<br>(505) 823-2300/(505) 823-9600 Fax<br>rgentile@guebertlaw.com<br>cdow@guebertlaw.com<br>*Attorneys for Third-Party Defendant Asset Protection and Security Services, L.P.* | |

Respectfully Submitted:
***/s/ Adam Daniel Rafkin, Esq., Attorney at Law***
ADAM DANIEL RAFKIN, Esq.