# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOLENE K. YOUNGERS,
AS PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF ROXSANA
HERNANDEZ,

    Plaintiff,

v.                                          1:20-cv-00465-WJ-JMR

MANAGEMENT & TRAINING CORPORATION,
LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC.,

    Defendants.

and

GLOBAL PRECISION SYSTEMS, LLC,

    Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

    Third-Party Defendant.

## GLOBAL PRECISION SYSTEMS, LLC'S POSITION STATEMENT

Defendant Global Precision Systems, LLC ("GPS") by and through its counsel of record Madison, Mroz, Steinman, Kenny & Olexy, P.A. (Gregory D. Steinman and Paul M. Cash) and pursuant to the Court's Order [Docs. 280 & 281] hereby provides its position statement as follows:

A. <u>Plaintiff and the USA's ESI and FOIA redactions Dispute</u>

For purposes of the discovery conference, this portion of the discussion does not pertain directly to GPS. GPS would note that Plaintiff's proposed ESI protocol appears, on its face, to be overly burdensome and disproportionate to the needs of the case.

B. <u>Plaintiff, TransCor, and CoreCivic's ESI Dispute</u>

For purposes of the discovery conference, this portion of the discussion does not pertain directly to GPS. GPS would note that Plaintiff's proposed ESI protocol appears, on its face, to be overly burdensome and disproportionate to the needs of the case.

C. <u>All Parties' Expert Preparation Fees Dispute</u>

Fed. R. Civ. P. 26(C) provides parties with an avenue to protect against undue burden and expense by specifying allocation of expenses. "The Court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." Fed.R.Civ.P. 26(b)(4)(C). (emphasis added) An expert's deposition is in part a dress rehearsal for her testimony at trial and thus her preparation is part of trial preparation. One party need not pay for the other's trial preparation. *Rhee v. Witco Chem. Corp., 126 F.R.D. 45 (N.D. Ill. 1989)*. Other courts have held that time reviewing records is not compensable. *Dominguez v. Syntex Laboratories, Inc.,* 149 F.R.D. 166, 169-70, (S.D. Ind. 1993).

New Mexico federal judges generally do not require one party to pay for another's deposition preparation. The first reason is obvious; Defendants do not have the ability to control or limit the time allegedly spent in deposition preparation. *Fiber Optic Designs, Inc. v. New Eng. Pottery, LLC*, 262 F.R.D. 586, 2009 U.S. Dist. LEXIS 119669, 75 Fed. R. Serv. 3d (Callaghan) 701 (D. Colo. Dec. 4, 2009); *See also Collins v. Village of Woodridge,* 197 F.R.D. 354, 358 (N.D. Ill. 1999) (conceding that experts should not be compensated for "duplicat[ing] their earlier work

in order to answer questions about their opinions" and should not "seek compensation for reinventing the wheel"). Here, there should be no need for Plaintiff's experts to replicate their previous work given that the depositions will take place within a relatively short period of time following their disclosures.

In *3M Co. v. Kanbar*, No. C06-1225, 2007 U.S. Dist. LEXIS 78374, 2007 WL 2972921, at *3 (N.D. Cal. Oct. 10, 2007) the Court held there would be no payment for preparation time unless case is complex or there are extenuating circumstances that require additional preparation time. Plaintiff has not demonstrated extenuating circumstances warranting Defendants to pay for preparation costs. The documents, including opposing expert reports, would be a crucial component of any trial preparation by Plaintiff's experts, and trial preparation is not compensable.

In the closest district court opinion from New Mexico on point, Judge Garza denied a request for opposing counsel to pay for an expert's preparation time:

> Unlike the facts in Boos, the facts in the present case do not justify compensation of the expert's preparation time. Here, Plaintiff filed his Rule 26 expert report on July 29, 2005. [Doc. 123.] The expert deposition was held October 17, 2005, less than three months after the report was submitted. Thus, this is not a case where the expert prepared his report and then waited over a year before being deposed, thereby requiring extensive preparation time. Nor does the Court find convincing Plaintiff's argument that his expert had to spend over 50 hours to prepare for the deposition, notwithstanding Defendants' production of documents after the report was submitted. While the court docket may reflect otherwise (with over 200 pleadings filed to date), the Court has never found this case to be particularly complex or to present highly unusual issues of law and fact. Indeed, the parties originally estimated only a three to four day trial. Moreover, allegations of Fourth Amendment violations relating to a search and seizure and involving a sum of $10,000 are not uncommon in federal court. In fact, Fourth Amendment claims, with more complicated factual scenarios, are routinely resolved by federal courts in this district. Finally, based on the diverging judicial opinions on this issue and the ambiguous language of Rule 26, the Court determines it has discretion in deciding whether or not to award compensation for an expert's deposition preparation, depending on the circumstances of the case. Here, the Court does not find compelling circumstances to justify such compensation. In addition, the Court does not conclude that the requested fees and preparation time are "eminently

reasonable." *See Jones v. City of Albuquerque*, 2005 WL 8163692, at *2–3 (D.N.M., 2005)

Here, Plaintiff has demonstrated no "compelling reasons" nor any "extenuating circumstances." Plaintiff's experts are entitled to a reasonable fee for their depositions, and no more.

D. All Parties' Expert Deposition Scheduling Dispute

This dispute seems to be resolved by Plaintiff's agreement to make each of its experts available on two (2) concurrent days. While acknowledging scheduling continues to be challenging given the number of parties involved, GPS will work to find dates that are amenable to all parties.

E. Extending the Case Management Deadlines

In part due extensive preliminary motion practice, ongoing discovery disputes, and the number of parties, the case has not moved into the deposition phase. The joint status report indicates that Plaintiff wishes to take fifteen (15) or more depositions. However, the first deposition of the case, that of the Estate's Personal Representative, is set to take place on September 15, 2023. GPS will require additional time to conduct discovery and further develop its position in order to provide substantive expert witnesses disclosures. GPS proposes a six-month extension of all existing deadlines.

    Respectfully submitted,

    MADISON, MROZ, STEINMAN,
    KENNY & OLEXY, P.A.

    By: */s/ Paul M. Cash*
        Gregory D. Steinman
        Paul M. Cash
        P.O. Box 25467
        Albuquerque, NM 87125-5467
        (505) 242-2177
        gds@madisonlaw.com
        pmc@madisonlaw.com

*Attorneys for Defendant*
*Global Precision Systems, LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 28th day of August 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing.

Daniel Yohalem
Attorney at Law
1121 Paseo de Peralta
Sana Fe, NM 87501
(505) 983-9433
dyohalem@aol.com
*Attorney for Plaintiff*

Katherine Murray
Attorney at Law
P.O. Box 5266
Santa Fe, NM 87502
(505) 670-3943
kemurraylaw@gmail.com
*Attorney for Plaintiff*

Dale Melchert *Pro Hac Vice*
Lynly Egyes *Pro Hac Vice*
Transgender Law Center
P.O. Box 70976
Oakland, CA 94612
(510) 380-8229
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org
*Attorney for Plaintiff*

Irene R. Lax, *Pro Hac Vice*
Grant & Eisenhofer P.A.
485 Lexington Avenue
New York, NY 10017
(646) 722-8512
ilax@gelaw.com
*Attorney for Plaintiff*

Kimberly A. Evans *Pro Hac Vice Forthcoming*
Irene Lax *Pro Hac Vice Forthcoming*
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
(302) 622-7086
levams@gelaw.com
ilax@gelaw.com
*Attorney for Plaintiff*

Jacob B. Lee
Anne Orcutt
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
(480) 420-1600
jlee@strucklove.com
*Attorneys for Defendants TransCor America, LLC and Core Civic, Inc.*

Adam D. Rafkin
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, NM 88355
(575) 257-0129
adr@rafkinlaw.com
*Attorney for Defendant*
*LaSalle Corrections Transport LLC,*
*LaSalle Corrections West LLC, and*
*LaSalle Management Company, LLC*

Deborah D. Wells
Debra J. Moulton
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendants TransCor*
*America, LLC and CoreCivic, Inc.*

Robert F. Gentile
Clinton E. Dow
P.O. Box 93880
Albuquerque, NM 87199-3880
(505) 823-2300
rgentile@guebertlaw.com
cdow@guebertlaw.com
*Attorneys for Third-Party Defendant*
*Asset Protection and Security Services, L.P.*

Christina Muscarella Gooch
Alison K. Goodwin
Sutin, Thayer & Brown, P.C.
P.O. Box 1945
Albuquerque, NM 87103
(505) 883-2500
tmg@sutinfirm.com
akg@sutinfirm.com
*Attorneys for Defendant Management &*
*Training Corporation*

Elizabeth Martinez
Assistant United States Attorney
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1469
Elizabeth.martinez@usdoj.gov
*Attorneys for Defendant*
*United States of America*

                                                */s/ Paul M. Cash*
                                                Madison, Mroz, Steinman, Kenny & Olexy, P.A.