IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOLEEN K. YOUNGERS, as Personal Representative of the Wrongful Death Estate of Roxsana Hernandez,<br><br>Plaintiff,<br><br>vs.<br><br>LASALLE CORRECTIONS TRANSPORT LLC, LASALLE CORRECTIONS WEST LLC, LASALLE MANAGEMENT COMPANY LLC, GLOBAL PRECISION SYSTEMS LLC, TRANSCOR AMERICA LLC, CORECIVIC, INC., and UNITED STATES OF AMERICA,<br><br>Defendants. | NO. 20-cv-00465-WJ-JMR |

**DEFENDANTS TRANSCOR AND CORECIVIC'S POSITION STATEMENT REGARDING DISCOVERY DISPUTES**

Pursuant to the Court's August 10, 2023 Order (Dkt. 281) and the Clerk's Minutes (Dkt. 280), Defendants TransCor and CoreCivic submit their position statement.

A. **Plaintiff and the USA's ESI and FOIA redactions dispute.**

TransCor and CoreCivic take no position on this dispute.

B. **Plaintiff, TransCor, and CoreCivic's ESI dispute.**

Pursuant to the Court's Status Report Order dated July 13, 2023 (Dkt. 266), Plaintiff, TransCor, and CoreCivic have simultaneously submitted a Joint Status Report Related to Discovery which outlines the current status of CoreCivic/TransCor's ESI production. As stated in the Joint Status Report, CoreCivic's outside vendor provided preliminary hit- and page-count reports based on the ESI protocol submitted by Plaintiff.

1

Per these reports, there are a total of 127,160 documents (223,208 with email families) that contain one or more of Plaintiff's proposed search terms. These documents are estimated to total 2.7 million pages. Counsel for CoreCivic and TransCor provided this information to Plaintiff's counsel, requested that the search terms be narrowed significantly due to the sheer volume of ESI, and asserted objections based on undue burden, overbreadth, and disproportionality. Counsel for CoreCivic and TransCor have requested that CoreCivic's outside ESI vendor provide a more detailed hit-count report so that the parties can engage in meaningful discussions regarding the narrowing of particular problematic search terms and phrases.  Assuming the parties can agree to narrow the search terms, CoreCivic and TransCor anticipate it will take at least 3-4 months from the time the agreed-upon terms are run to substantially complete review and production of ESI and to finalize a privilege log.

C.      **All parties' expert preparation fees dispute.**

Plaintiffs' experts are not entitled to compensation for preparing for their own depositions.[1]  *See Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 350 (D. Colo. 1995) (experts not entitled to be compensated for preparing for their own depositions); *Willis v. Bender*, 2007 WL 9697766, at ¶ 10 (D. Wy. Apr. 12, 2007) (same); *see also Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1990) (denying plaintiff's request for such compensation).  Defendants have no ability to control or limit the time an expert allegedly spends preparing. *See Fiber Optic,* 262 F.R.D. at 592 (The "lawyer taking the expert deposition has an ability to control the length of the examination and thereby limit the expert fees incurred[,]" but "does not have a similar ability to control or limit the time allegedly spent in deposition preparation."). Nor is this a complex case requiring

---

[1] Rule 26(b)(4)(C) does not address whether fees can be recovered for time spent preparing for a deposition, and courts have not provided consistent guidance.  *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 591 (D. Colo. 2009).

additional preparation time. *See Jones v. City of Albuquerque*, 2005 WL 8163692, at *2–3 (D.N.M., 2005) (denying plaintiff's motion for expert deposition preparation fees). Moreover, Plaintiff's request is premature because no depositions have taken place. Thus, Plaintiff has not met her burden of proving the reasonableness of any requested fees, when no expert has been deposed. *Fiber Optic*, 262 F.R.D. at 594 (the party seeking reimbursement under Rule 26(b)(4)(C) has the burden of proving the reasonableness of the requested fees).[2]

### D.     All parties' expert deposition scheduling dispute.

There does not appear to be a dispute at this time. Plaintiff initially took the position that Plaintiff's experts' depositions should occur on one day each pursuant to Fed. R. Civ. P. 30(d)(1) and would not agree to reopen the depositions at a later date if more time was needed. Defendants disagreed with this position, as this would only provide each Defendant with a little over an hour to depose Plaintiffs' experts, and Defendants should be allotted sufficient time to fully and fairly depose Plaintiff's experts given that there are six Defendants in this case and Plaintiff has asserted unique claims arising from different factual allegations against all six Defendants. *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent."). In addition, Defendants believed that this issue should be decided *before* the commencement of any of Plaintiff's experts' depositions,

---

[2] On August 2, Plaintiff agreed to extend her experts' depositions from one day to two consecutive days *only if* Defendants agreed "to pay the deposition rate for all three experts and reasonable preparation time within 30 days of receiving an invoice for the same [] and the method for paying the expert invoices for reasonable preparation time and deposition testimony is arranged ahead of time and coordinated among the parties." CoreCivic/TransCor noted that it would be nearly impossible to coordinate a single payment from all Defendants to Plaintiffs' experts. CoreCivic/TransCor proposed that each Defendant plan for two hours of questioning and pay each expert for those two hours, but each Defendants should be invoiced separately. CoreCivic/TransCor informed Plaintiff that they could not guarantee to remit payment within 30 days.

particularly if these depositions were conducted in-person and required travel. Plaintiff then agreed that her experts could be deposed over the course of two consecutive days. CoreCivic and TransCor believe two days is sufficient for the depositions but reserve the right to request more time and/or to re-depose Plaintiff's experts if needed.

**E.     Extending the case management deadlines.**

All Defendants jointly proposed the following deadlines on August 24, 2023:

- Defendants' Rule 26(a)(2) expert disclosures: March 1, 2024
- Plaintiff's Rule 26(a)(2) rebuttal expert disclosures: March 28, 2024
- Discovery deadline: April 30, 2024
- Discovery motions deadline: May 7, 2024
- Pretrial motions deadline: May 30, 2024
- Pretrial Order (Plf to Defs): 30 days after final MSJ decision
- Pretrial Order due to Court: 14 days after the Pretrial Order from Plaintiff is served upon Defendants.

Plaintiff has not provided a response to Defendants' proposal.

Dated: August 28, 2023

/s/ Dana M. Keene
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Dana M. Keene, AZ Bar No. 033619
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
jlee@strucklove.com
dkeene@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants TransCor America, LLC and CoreCivic Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Irene R. Lax — ilax@gelaw.com
Cynthia B. Morgan — cmorgan@gelaw.com
Dale Melchert — dale@transgenderlawcenter.org
Lynly Egyes — lynly@transgenderlawcenter.org
Daniel Yohalem — daniel.yohalem@gmail.com
*Attorneys for Plaintiff*

Gregory D. Steinman — gds@madisonlaw.com
Wan Erh Chen — wc@madisonlaw.com
Paul M. Cash — pmc@madisonlaw.com
*Attorneys for Defendant Global Precision Systems LLC*

Adam D. Rafkin — adr@rafkinlaw.com
*Attorney for LaSalle Defendants*

Brett C. Eaton — brett.eaton@usdoj.gov
*Attorney for Defendant United States of America*

Robert F. Gentile — rgentile@guebertlaw.com
Clinton E. Dow — cdow@guebertlaw.com
*Attorneys for Third-Party Defendant Asset Protection and Security Services, L.P.*

/s/ Allen Rowley