IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

    Plaintiff,

vs.                                                                                                          1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

    Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

    Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

    Third-Party Defendant.

## ORDER ON MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Expedited Motion to Compel Discovery Against Defendant Global Precision Systems, LLC ("GPS"), filed on December 6, 2023. Doc. 311. GPS filed a response (Doc. 314), and plaintiff filed a reply (Doc. 323). The Court held a hearing on the motion on January 17, 2024. *See* Doc. 324. Having reviewed the briefing and the relevant law and the facts, and for the reasons stated at the hearing, the Court

finds the motion should be GRANTED IN PART.

Specifically, the Court rules as follows:

1. The Court orders the following related to GPS's ESI production:  On or before 1/31/24, GPS will meet and confer with plaintiff to formulate an adequate ESI protocol.  An ESI representative from GPS must attend this meet and confer.  By 2/14/24, GPS will produce a hit count report to assess the amount of information the agreed-upon ESI protocol is returning.  If the ESI protocol does not need to be narrowed, GPS must produce all responsive ESI by 2/28/24.  If the ESI protocol needs to be narrowed, plaintiff and GPS will meet and confer by 2/28/24 to narrow the ESI protocol and will then produce all ESI no later than 3/13/24.

2. The Court orders GPS, no later than 1/31/24, to supplement answers/responses that were made "without waiving" objections to state if information or documents are being withheld and, if so, what is being withheld.

3. The Court orders GPS to either withdraw its boilerplate objections based on "vagueness" and "overbreadth" or to make them sufficiently specific, no later than 1/31/24.  If GPS finds a term ambiguous or vague, GPS either needs to reach out to plaintiff about what the term means or look in a dictionary, define the term, and then answer/respond. The Court advises GPS that objections such as "overly broad" and "unduly burdensome" without more is not sufficient. GPS must explain why the RFP or interrogatory is overly broad or unduly burdensome for this to be a valid objection. The Court orders GPS to either withdraw the objections or make them sufficient by 1/31/24.  Plaintiff will then have until 2/7/24 to object.  And the parties will have until 2/14/24 to meet and confer.

4. For Interrogatory 3 and RFP 20, the Court orders GPS to produce complaints and investigations raising the same or similar issues that plaintiff raises against GPS in this case for the period of May 1, 2013 to May 25, 2018 (to include lawsuits and investigations after May 25, 2018 whose factual basis occurred before May 25, 2018). The Court will also order GPS to produce monthly ICE reports for the same period—May 1, 2013 to May 25, 2018—pursuant to a protective order.  (GPS must produce both Monthly Contract Performance Instruments and ICE compliance reports, if they are different documents.)  GPS must produce this discovery by 1/31/24, if not ESI.  Plaintiff will then have until 2/7/24 to object.  The parties will have until 2/14/24 to meet and confer. To the extent that this information requires an ESI process, the Court orders the parties to follow the ESI procedures and deadlines outlined above.  The Court orders GPS to redact the names of the individuals who were not travelling with Roxsana.  If plaintiff believes the names should be un-redacted after receipt, plaintiff may ask the Court to un-redact the documents.

5. For Interrogatory 2, the Court orders GPS to conduct a non-ESI search and explain what it found by 1/31/24.  GPS should then conduct an ESI search using the ESI procedures and deadlines outlined above.

6. For Interrogatories 2, 7, 12, 18 and 19, the Court orders GPS to either state that nothing is being withheld, or describe what is being withheld, no later than 1/31/24. With regard to any responsive information found in the ESI search, GPS must provide a privilege log for any documents that are withheld, along with the production of documents found in the ESI search.

7. For Interrogatories 6 and 7, the Court orders GPS to specify whether it is withholding information for these interrogatories no later than 1/31/24.

8. For Interrogatories 7, 10, and 11, if there are no additional documents or information, the Court orders GPS to supplement its response to state as such. If there are additional documents or information, GPS must supplement by 1/31/24 if not ESI, and otherwise must follow the ESI procedures and deadlines outlined above.

9. The Court orders GPS to pay plaintiff's attorney's fees for bringing this motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5). Plaintiff shall file an affidavit of attorney's fees no later than 1/31/24. GPS will then have until 2/14/24 to contest the reasonableness of the claimed fees.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

3