UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOLENE K. YOUNGERS,
AS PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF ROXSANA
HERNANDEZ,

    Plaintiff,

v.   1:20-cv-00465-WJ-JMR

MANAGEMENT & TRAINING CORPORATION,
LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC.,

    Defendants.

and

GLOBAL PRECISION SYSTEMS, LLC,

    Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

    Third-Party Defendant.

**GLOBAL PRECISISON SYSTEMS' OPPOSITION TO PLANTIFF'S APPLICATION FOR REASONABLE ATTORNEY FEES AS AWARDED IN THE ORDER ON MOTION TO COMPEL**

DEFENDANT, Global Precision Systems, LLC ("GPS"), through its counsel of record, Madison, Mroz, Steinman, Kenny & Olexy, P.A., (Gregory D. Steinman), and pursuant to the

1

Court's order issued on January 19, 2024, hereby submits its Opposition to Plaintiff's Application for Reasonable Attorneys' Fees, filed on January 31, 2024. GPS contests the reasonableness of Plaintiff's request, and asks the Court to consider the following:

I.     INTRODUCTION

On December 6, 2023, Plaintiff filed its Expedited Motion to Compel Discovery Against Defendant Global Precision Systems, LLC (the "Motion to Compel"). In the Motion to Compel, Plaintiff wrote two pages of details alleging "heinous and willfully negligent failures of GPS . . . to provide lawful and humane care to Roxsana Hernandez ("Roxsana") while she was in their custody and care." *See* Plaintiff's Expedited Motion to Compel Discovery Against Defendant Global Precision Systems, LLC, at page 2. Of particular importance, Plaintiff alleged, "In relevant part to this Motion, on May 15, 2018, GPS employees picked up Roxsana and the Other Asylum Seekers from the El Paso airport and transported them to the El Paso Service Processing Center (EPSPC) where they were detained overnight." *See id.* at page 3. Thus, it was evident that Plaintiff's Motion to Compel was filed with Plaintiff's understanding that GPS played a critical role in Ms. Hernandez's care and custody (despite GPS's longstanding position to the contrary) and that GPS was intentionally withholding information.

However, at the very outset of the hearing on Plaintiff's Motion to Compel, Plaintiff's counsel *conceded* that the Motion to Compel <u>erroneously</u> stated that *GPS* transported Ms. Hernandez from El Paso to Albuquerque. Instead, Plaintiff's counsel agreed that *Asset Protection and Security Services, L.P.* transported Ms. Hernandez.

The Court then addressed Plaintiff's concerns and granted the Motion *in part*. Though an award of attorneys' fees was ordered, the Court stressed that the amount of the requested fees must be reasonable.

2

Rather than make a reasonable request for fees, Plaintiff requests almost $30,000 for multiple attorneys and paralegals to spend multiple hours preparing a straightforward discovery Motion. The requested hourly rate for these professionals, who are entered into this case *pro hac vice* from densely populated metropolitan areas of the country, is as high as $1,375.00. The hourly rates are not consistent with prevailing rates in this community, which is much smaller. In fact, Plaintiff never even states what she believes the prevailing rate for this community to be. The number of billers and the amount of time they claim to have put into this motion is facially excessive.

Most striking is that Plaintiff seeks $1,050 to revise her Motion to Compel brief ***two days after it was filed***, as well as $2,100 to revise her Reply to Motion to Compel ***a day after it was filed*** despite having already billed $3,150 to draft the brief plus $2,250 to cite, fact check, finalize, and file the brief a day prior. (a) $1,400 to research and draft the Reply, plus $750 to finalize and file the Reply days prior***.*** *See* Plaintiff's Application for Reasonable Attorney Fees, Exhibit A, page 6 (entries on 12/8/2023[1]; 01/5/2024; 01/8/2024; 01/9/2024; 01/10/2024; 01/10/2024; and 01/11/2024[2]). The Court should deny the request altogether or reduce it to a reasonable amount consistent with similar awards in this District.

II.  **ARGUMENT**

  A.  *Plaintiff's Motion Was Granted in Part and Denied in Part, and Fees Should Be Apportioned as Governed Under Fed. R. Civ. Pro. 37(a)(5)(C).*

First and foremost, on January 19, 2024, the Court issued an Order and stated, clearly and unambiguously, that Plaintiff's motion was granted only in part. *See* Order on Motion to Compel, at page 2. For example, though Plaintiff requested that GPS provide all complaints between May

---

[1] Billing to review and revise the motion to Compel filed two days earlier on December 6.
[2] Billing to review and revise the Reply Brief filed the day before on January 10.

1, 2013 to June 30, 2020, the Court denied this request and significantly narrowed the scope of this discovery by shortening the timeframe and requiring GPS to provide complaints related to Ms. Hernandez's claims against the company. In another example, Plaintiff requested that GPS's objections based on privilege should be deemed waived, but the Court declined to approve this request.

The Court's Order states that GPS is ordered to pay attorney's fees pursuant to Fed. R. Civ. Pro. 37(a)(5). However, Fed. R. Civ. Pro. 37(a)(5)(C) states that "If a motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

Plaintiff has instead requested nearly $30,000 for *all* fees incurred to bring her Motion to Compel, which was not only based on the incorrect premise that GPS was the party to transport Ms. Hernandez, but also *denied* in several regards. Furthermore, Plaintiff's requests for fees included numerous charges that appear to be incorrect or inflated, even billing for revisions or drafting after briefs were filed. Thus, despite the fact that Plaintiff was factually incorrect and her requests were not denied in part, she is seeking all of her fees to be covered, which should be denied by this Court and apportioned between the parties under Fed. R. Civ. Pro. 37(a)(5)(C).

### B. *Plaintiff Seeks Recovery for Unreasonable Hourly Rates.*

In her Application for Reasonable Attorney Fees, Plaintiff seeks recovery of fees that far exceed the prevailing rate in this community. In *Jane L. v. Bangerter*, 61 F.3d/ 1505, 1510 (10th Cir. 1995), the U.S. Court of Appeals for the Tenth Circuit determined that the district court "did not abuse its discretion in using Salt Lake City rates as the basis for identifying reasonable hourly rates" in a request for fees where the Plaintiffs' "New York City attorneys requested hourly rates commensurate with those received by private attorneys in New York City."

The Court held that "[h]ourly rates must reflect the 'prevailing market rates in the relevant community.'" *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886 at 895 (1984)). The "party requesting fees must provide the Court with sufficient information to evaluate prevailing market rates." *See Los Alamos Nat'l Bank, N.A. v. Fid. Bank*, No. 1:18-CV-00613-KG-JHR, 2019 WL 4816692, at *2 (D.N.M. Oct. 1, 2019) (citing *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). Furthermore, the "requesting party must also demonstrate that the rates are similar to rates for similar services by 'lawyers of reasonably comparable skill, experience, and reputation' in the relevant community and for similar work." *Id*. (citing *Blum*, 465 U.S. at 895 n.11; *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255–56 (10th Cir. 1998)).

Plaintiff has failed to provide any such information. Exhibit A attached to Plaintiff's Application for Reasonable Attorney Fees contains information regarding Barbara Hart's education, bar admissions, and law practice. Exhibit A also contains the hourly rates for Ms. Hart's team: $1,375 per hour for Ms. Hart; $700 per hour for Ms. Irene Lax; and $375 per hour for Ms. Emma Spencer. All three professionals are located in New York, New York.

Furthermore, Exhibit B contains similar information regarding Dale Melchert. The document contains a brief history of Mr. Melchert's experience, plus his hourly rate of $395, and his assertion that such rate "is substantially below the level of commercial billing rates charged for comparable work by other attorneys with comparable skills, experience, and expertise in [] *New York City*." Emphasis added.

There is zero information regarding the market rates in the New Mexico community, nor is there any comparison of their rates to other professionals with reasonably comparable skill, experience, and reputation in New Mexico. At most, Mr. Melchert compares his skills to those in New York City, a state where other counsel are located but certainly not where this case is filed.

Plaintiff never states what she believes is the prevailing rate in the relevant community. GPS submits that Albuquerque is the "relevant community" for purposes of this question. Last month, Judge Yarbrough ruled that a $300 per hour rate is reasonable for an experienced partner in a law firm, rejecting a request for $450 per hour. *C&J Equipment Manufacturing v. Grady,* 2024 U.S. Dist. LEXIS 5513. Likewise, the Judge ruled that $175 per hour is a reasonable paralegal rate. The Court should consider these rates when making its final determination on fees.

### C. This Litigation is Not Unusual and Plaintiff's Motion to Compel Did Not Require Special Skill from an Out of State Lawyer, and Therefore, Fee Rates of the Local Area Should Be Applied.

This litigation is not unusual and the Motion to Compel was a run-of-the-mill discovery motion. The Tenth Circuit has made it clear that "[u]nless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Id. (*quoting *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983)). Emphasis added.

In *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, the U.S. District Court for the District of New Mexico determined that a case was unusual and warranted the application of attorney fee rates from a non-local area when "there [wa]s neither a lawyer nor a firm in th[at] town which could have devoted to this case the timely expertise, experience, and manpower put forth by [the attorney]." 343 F. Supp. 3d 1050, 1084 (D.N.M. 2018) (citing *Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 899 F.2d 951, 983 (10th Cir. 1990)). It distinguished this practice, citing *Jane L. v. Bangerter*, wherein the Court determined that abortion litigation was not unusual, and *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, wherein the Court determined that litigation involving the Fair Debt Collection Practices Act was not unusual. *See* 61 F.3d at 1510; 616 F.3d 1098, 1102 (10th Cir. 2010).

This litigation involves claims of negligence, violations of the Rehabilitation Act,

6

intentional infliction of emotional distress, and other standard tort claims. There are many New Mexico attorneys that practice civil litigation and specialize in these areas. Plaintiff has made no argument that the subject of this litigation is so unusual or so specialized that it requires New York, New York market rates upwards of $1,375 per hour, and especially for a run-of-the-mill discovery motion. As a result, local fee rates should be applied.

### D. Plaintiff Fails to Recognize That Her Motion to Compel Was Factually Incorrect.

Plaintiff's Application for Reasonable Attorney Fees ignores the fact that a significant portion of her Motion to Compel was devoted to the lengthy description of GPS's alleged transport of Roxsana Hernandez from El Paso to Albuquerque. Per undisputed facts, of which Plaintiff conceded to at the very beginning of the Motion to Compel hearing on January 17, 2024, Asset Protection and Security Services, L.P. conducted that transport. Worse, Plaintiff failed to correct that misstatement when she filed her Reply after GPS pointed out that that this was a false statement. Ironically, Plaintiff wants GPS to pay $1,500 for a paralegal to "cite and *fact check*" the Reply brief. (Ex. A to Plaintiffs' Application.)

### E. The Number of Billers and Amount of Time Billed Are Excessive and Insufficiently Detailed.

The 18-page Motion to Compel had a colorful history as evidenced by Plaintiff's Exhibits A and B. Generally, it is Plaintiff's "burden in an application for attorneys fees . . . 'to prove and establish the reasonableness of each dollar, each hour, above zero.'" *See Jane L. v. Bangerter*, 61 F.3d at 1510 (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)).

Per Exhibit B to the Application, Dale Melchert spent one hour reviewing discovery requests and responses in preparation for drafting the Motion to Compel; four hours actually drafting the brief; one hour conducting legal research; and thirty minutes reviewing his final draft. The amount of his claimed time seems reasonable up to that point. However, per Exhibit A, Irene

7

Lax then "reviewed and revised" the Motion to Compel for 5.1 hours, totaling $3,570, on December 4, 2023. Then, on December 6, she "drafted" the Motion to Compel a second time again on December 6, 2023, for 5.5 hours, totaling $3,850, and then revised it again on December 8, 2023, for 1.5 hours, totaling $1,050. (Ex. A.) Ironically, Ms. Lax's "revisions" on December 8, 2023, came two days after the Motion to Compel was filed on December 6, 2023. In the interim, Barabara Hart also reviewed the motion on December 5, 2023, for 1.8 hours, totaling $2,475. A paralegal also spent ten hours to "prepare materials[3]" for the motion.

The Reply brief took a similar journey. Dale Melchert billed three hours to draft the Reply on January 8, 2024, which is reasonable. (Ex. B.) Irene Lax then billed two hours, totaling $1,400, to "draft" the Reply again on January 9, 2024. A paralegal billed six more hours to cite check, fact check, finalize and *file* the Reply on January 10, totaling $2,250. Then, Irene Lax billed another three hours to review, research and *revise* the Reply brief on January 11, *the day after it was filed*, adding another cost of $2,100. (Ex. A.)

Any prevailing party awarded attorney's fees "must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *See Jane L. v. Bangerter*, 61 F.3d at 1510 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40(1983)). Plaintiff has not done so, and any fees that are redundant, excessive, or charge for costs for revisions made after briefs were filed should be excluded from any award, if this Court does not reconsider its decision to award any fees at all.

### F. Judges in This District Have Awarded Less Than $3,000 Under Similar Circumstances.

To the extent the Court awards any fees at all, the *C& J Equipment* case provides a good

---

[3] This description is insufficiently specific. Nine of the ten hours were incurred some two weeks after Dale Melchert drafted the Motion. Thus, one must wonder what "materials" needed to be "provided" after the Motion had already been drafted.

guideline for determining the amount. As a discovery sanction, Judge Yarbrough awarded the prevailing party to a motion a motion to compel $2,916.64. Coincidentally, this is almost the exact amount requested by attorney Dale Melchert, after reducing his fee to $300 per hour.

### III.   CONCLUSION

For reasons stated herein, GPS requests that the Court deny Plaintiff's Application for Reasonable Attorney Fees entirely, or, at the very least, substantially reduce the amount claimed.

Respectfully submitted,

MADISON, MROZ, STEINMAN,
KENNY & OLEXY, P.A.

By: */s/ Gregory D. Steinman*
Gregory D. Steinman
P.O. Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177
gds@madisonlaw.com
*Attorneys for Defendant*
*Global Precision Systems, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing.

Case 1:20-cv-00465-WJ-JMR   Document 348   Filed 02/14/24   Page 10 of 10

Daniel Yohalem  
Attorney at Law  
1121 Paseo de Peralta  
Sana Fe, NM 87501  
(505) 983-9433  
dyohalem@aol.com  
*Attorney for Plaintiff*

Dale Melchert *Pro Hac Vice*  
Lynly Egyes *Pro Hac Vice*  
Transgender Law Center  
P.O. Box 70976  
Oakland, CA 94612  
(510) 380-8229  
dale@transgenderlawcenter.org  
lynly@transgenderlawcenter.org  
*Attorney for Plaintiff*

Kimberly A. Evans *Pro Hac Vice Forthcoming*  
Irene Lax *Pro Hac Vice Forthcoming*  
Grant & Eisenhofer P.A.  
123 Justison Street, 7th Floor  
Wilmington, DE 19801  
(302) 622-7086  
levams@gelaw.com  
ilax@gelaw.com  
*Attorney for Plaintiff*

Katherine Murray  
Attorney at Law  
P.O. Box 5266  
Santa Fe, NM 87502  
(505) 670-3943  
kemurraylaw@gmail.com  
*Attorney for Plaintiff*

Jacob B. Lee  
Anne Orcutt  
Struck Love Bojanowski & Acedo, PLC  
3100 West Ray Road, Suite 300  
Chandler, AZ 85226  
(480) 420-1600  
jlee@strucklove.com  
*Attorneys for Defendants TransCor America, LLC and Core Civic, Inc.*

*/s/ Gregory D. Steinman*  
Madison, Mroz, Steinman, Kenny & Olexy, P.A.