IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

       Plaintiff,

vs.                                         1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

       Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

       Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

       Third-Party Defendant.

## ORDER GRANTING IN PART MOTION TO COMPEL

THIS MATTER comes before the Court on CoreCivic's Motion to Compel (Doc. 378), filed on April 15, 2024.  Plaintiff filed a response (Doc. 382) and CoreCivic filed a reply (Doc. 391).  The Court held a hearing on May 21, 2024.  Doc. 398.  Having reviewed the briefing and the relevant law and the facts, and for the reasons stated at the hearing, the Court finds the motion should be GRANTED IN PART and DENIED IN PART.

Specifically, the Court orders as follows:

1. The Court orders plaintiff to distill any supplemental information contained in its March 1, 2024 and April 1, 2024 letters to CoreCivic into formal supplemental discovery responses, including verification, **by June 4, 2024**.

2. The Court strikes plaintiff's objection based on relevance contained in her "General Statement and General Objections" (Doc. 378-1 378-2, 378-3) to the extent that this objection is not contained in the specific objections for each discovery request.

3. The Court strikes plaintiff's objection based on prematurity for Interrogatories 1–5, 9–11, 13, 14, 16, and 18–21.

4. The Court orders plaintiff to supplement its answer to Interrogatory 3 to cite specific, relevant pages within the 600 pages of documents cited in the answer.

5. The Court orders plaintiff to supplement its answer to Interrogatory 10 to provide CoreCivic with the name(s) of medical provider(s) who made the repeated requests that the restraints be removed.

6. The Court orders plaintiff to supplement its answer to Interrogatory 12 to provide a primary range of documents that directly support plaintiff's claims against CoreCivic. This supplemental answer shall in no way limit plaintiff's ability to use evidence not included in the supplemental answer for these claims later in the case. The Court orders the supplemental answer to this interrogatory to be provided **no later than July 3, 2024**.

7. The Court denies CoreCivic's motion as to Interrogatory 15.

8. The Court orders plaintiff to provide supplemental discovery responses connecting the documents on its privilege log to individual discovery responses.

9. The Court strikes "claimant, and/or incident" from Interrogatory 20, and orders plaintiff to answer the rest of the interrogatory.

10. The Court denies CoreCivic's motion to the extent that it requests a supplemental response to RFP 3.

11. The Court orders plaintiff to produce documents responsive to RFPs 4 and 5.

Any requests for relief in CoreCivic's Motion to Compel (Doc. 378) not expressly discussed in this order are DENIED.  The Court orders plaintiff to produce all supplemental discovery here ordered (other than Interrogatory 12) **no later than June 11, 2024**.

JENNIFER M. ROZZONI
United States Magistrate Judge