IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLENE K. YOUNGERS,
AS PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH ESTATE OF ROXSANA
HERNANDEZ,

    Plaintiff,

v.                                                                                                   No. 1:20-cv-00465 WJ-JMR

MANAGEMENT & TRAINING CORPORATION,
LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORRECTIVE, INC.,

    Defendants,

and

GLOBAL PRECISION SYSTEMS, LLC,

    Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.

    Third-Party Defendant.

    Defendants.

**GLOBAL PRECISION SYSTEMS, LLC'S RESPONSE TO THIRD-PARTY DEFENDANT ASSET PROTECTION AND SECURITY SERVICES, L.P.'S MOTION TO BIFURCATE AND STAY DISCOVERY**

COMES NOW Defendant/Third-Party Plaintiff Global Precision Systems, LLC ("GPS"), by and through its counsel of record, Butt Thornton & Baehr PC (Monica R. Garcia) and for its

Response to Asset Protection and Security Services, L.P.'s Motion to Bifurcate and Stay Discovery, states as follows:

1. GPS does not oppose bifurcation of its Indemnity and Contribution claims asserted against Asset Protections and Security Services, LP ("APSS") under Count II of its Third-Party Complaint (Doc. 71) ("Complaint"), and a stay of discovery related to such claims.

2. GPS opposes bifurcation of its Apportionment of Fault claim asserted against APSS under Count I of its Complaint and a stay of discovery as to that claim/issue. Bifurcation of that claim would result in duplication of evidence on comparative fault and could result in an inconsistent verdict with respect to any comparative fault that may be assessed against APSS.

3, At any trial of the claims asserted by Plaintiff in this matter ("underlying case"), GPS (and other parties) will present evidence about APSS' role in the transport of Roxsana Hernandez. Such evidence could form the basis for an assessment of comparative fault against APSS, whether or not it is a party at such trial. If GPS' claim for apportionment of fault is bifurcated from the underlying case, and the jury in the bifurcated trial apportions fault to APSS, there is the risk such verdict/determination would be inconsistent with any assessment issued at the trial of the underlying case.

4. Inconsistent decisions on comparative fault by the jury in the underlying case and apportionment of fault in a bifurcated trial would be prejudicial to GPS and likely result in further delay and the use of additional judicial resources in order to address such conflicting determinations. Such a result would be contrary to the guidance provided in *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) and *Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281, 1285 (D.N.M. 2016).

WHEREFORE, for the foregoing reasons, GPS respectfully asks that the Court deny

APSS' Motion in part, and deny in part.  Specifically, it asks that the Court grant APSS' Motion to bifurcate and stay discovery as to GPS' claim for Indemnity and Contribution, and deny the Motion with respect to GPS' claim for Apportionment of Fault.

        Respectfully Submitted,

        BUTT THORNTON & BAEHR PC

        */s/ Monica R. Garcia*
        Monica R. Garcia
        PO Box 3170
        Albuquerque, NM 87190-3170
        Telephone:     (505) 884-0777
        mrgarcia@btblaw.com
        *Attorneys for Defendant and Third-Party Plaintiff*
        *Global Precision Systems, LLC*

I HEREBY CERTIFY that on the 28th day of May, 2024, I filed the foregoing electronically through the electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

All Counsel of Record

*/s/ Monica R. Garcia*
Monica R. Garcia