IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

      Plaintiff,

vs.                                        1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

      Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

      Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

      Third-Party Defendant.

## **ORDER GRANTING IN PART MOTION TO COMPEL**

THIS MATTER comes before the Court on TransCor's Motion to Compel (Doc. 379), filed on April 15, 2024. Plaintiff filed a response (Doc. 383) and TransCor filed a reply (Doc. 392). The Court held a hearing on June 5, 2024. Doc. 405. Having reviewed the briefing and the relevant law and the facts, and for the reasons stated at the hearing, the Court finds the motion should be GRANTED IN PART and DENIED IN PART.

Specifically, the Court orders as follows:

1. The Court orders plaintiff to distill any supplemental information contained in her October 17, 2023, February 13, 2024, February 27, 2024, and April 1, 2024 letters to TransCor into formal supplemental discovery responses, including verification, **by July 3, 2024**.

2. The Court strikes plaintiff's objection based on relevance contained in her "General Statement and General Objections" (Doc. 379-1 at 3–6, 379-2 at 3–5, 379-7 at 3–4, 8–10 and 14–16) to the extent that this objection is not contained in the specific objections for each discovery request.

3. The Court orders plaintiff to provide supplemental discovery responses connecting the documents on her privilege log to individual discovery responses.

4. For Interrogatory 7, the Court finds that the objections are not boilerplate, but strikes plaintiff's prematurity objection. The Court orders plaintiff to supplement her answer to Interrogatory 7 to provide a primary range of documents that directly support plaintiff's claims against TransCor. This supplemental answer shall in no way limit plaintiff's ability to use evidence not included in the supplemental answer for these claims later in the case.

5. For Interrogatory 9, the Court finds the objections are not boilerplate, but strikes plaintiff's prematurity objection. The Court orders plaintiff to file a supplemental answer to either state that there is no further information, or to provide the date, time, and substance of the requests.

6. For Interrogatory 10, the Court finds the objections are not boilerplate, but strikes plaintiff's prematurity objection. The Court orders plaintiff to provide specific damage amounts for plaintiff's "[c]ompensatory damages for reasonable expenses of funeral, burial, and repatriation" and "loss of earning capacity." The Court denies TransCor's motion as related to the other categories of damages.

7. For Interrogatory 11, the Court denies all requests in TransCor's motion.

8. For Interrogatory 13, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

9. For Interrogatory 14, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

10. For Interrogatory 15, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

11. For Interrogatory 16, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

12. For Interrogatory 17, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

13. For Interrogatory 20, the Court strikes plaintiff's prematurity objection.

14. For Interrogatory 21, the Court strikes plaintiff's prematurity objection.

15. For Interrogatory 23, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

16. For RFP 1, the Court finds plaintiff's objections are not boilerplate, finds that this RFP will be adequately addressed by supplemental answer to Interrogatory 10, and otherwise denies TransCor's motion.

17. For RFP 3, the Court finds plaintiff's objections are not boilerplate, strikes plaintiff's prematurity objection, finds that this RFP will be adequately addressed by plaintiff's supplemental answer to Interrogatory 7, and otherwise denies TransCor's motion.

18. For RFP 4, the Court strikes plaintiff's prematurity objection, but otherwise denies TransCor's motion.

19. For RFP 6, the Court orders plaintiff to supplement the response to cite Dr. McDonald's report and the evidence he relied upon and to supplement to the extent that there is responsive information.

20. For RFP 7, the Court orders plaintiff to fully respond to this RFP.

21. If plaintiff withheld discovery based on a prematurity objection that the Court struck, plaintiff is ordered to supplement her response.

22. The Court declines to award attorney's fees connected to this motion.

Any requests for relief in TransCor's Motion to Compel (Doc. 379) not expressly discussed in this order are DENIED. The Court orders plaintiff to produce all supplemental discovery here ordered **no later than July 3, 2024**.

JENNIFER M. ROZZONI
United States Magistrate Judge

3