# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Joleen K. Youngers, As the Personal
Representative of the Wrongful Death Estate of
Roxsana Hernandez

        Plaintiff,

    v.

LaSalle Corrections Transport LLC, LaSalle
Corrections West LLC, LaSalle Management
Company LLC, Global Precision Systems LLC,
TransCor America LLC, CoreCivic, Inc., and
United States of America,

        Defendants,

    and

Global Precision Systems, LLC

Third-Party Plaintiff,

    v.

Asset Protection and Security Services, L.P.,

Third-Party Defendant

Case No. 20-cv-00465-WPJ-JHR

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT GPS

Plaintiff Joleen K. Youngers ("Plaintiff"), as the Personal Representative of the Wrongful

Death Estate of Roxsana Hernandez ("Roxsana"), by and through her undersigned counsel, submits

this *Motion for Sanctions* against Defendant Global Precision Systems, LLC ("GPS") and in

support thereof avers as follows:

On May 29, 2024, over six weeks after the Court's previously-extended April 12, 2024

deadline for GPS's ESI production had passed (ECF No. 360) and months after GPS's January 31,

2024 deadline for the production of all non-ESI discovery (ECF No. 325), GPS produced 45,417 pages of new discovery to Plaintiff. In addition to being late, GPS's belated production contains a myriad of non-ESI documents, including: (1) ICE policy manuals; (2) GPS policy manuals; (3) detainee grievance forms and files; (4) employee performance evaluations; (5) job descriptions; and (6) GPS organizational charts, all of which Plaintiff first requested on February 24, 2022.[1] Equally concerning, many documents in the production do not appear to be responsive to Plaintiff's Discovery Requests at all. Others may be responsive, but because of the manner in which they were produced (without reference to what specific Discovery Request they are responsive too), Plaintiff cannot discern their responsiveness. For example, a seemingly unrelated shift log may be responsive because it is contained in another detainee's complaint file or a transport record may be responsive because it is included in an external government review. However, Plaintiff is unable to discern whether a particular document is an attachment an email or contained within a larger investigation file versus a standalone document. Given the immense volume of the production,

Plaintiff likewise cannot determine whether GPS threaded and deduplicated email threads, as per the parties' ESI Protocol, or whether it simply produced the same email and/or thread over and over again. It also appears that GPS simply produced documents that contained the agreed-upon key words, without regard for whether they were actually responsive to Plaintiff's Discovery Requests; such practice alone constitutes impermissible "document dumping," warranting the imposition of sanctions. *See Swan Glob. Invs. v. Young*, Civil Action No. 18-cv-03124-CMA-NRN, 2020 U.S. Dist. LEXIS 161813, at *19 (D. Colo. June 5, 2020) (finding a party's "document dump of thousands of unreviewed pages of material, without any categorization or indication as to how

---

[1] Plaintiff has had limited time to review the production and, therefore, this aforementioned list is non-exhaustive.

the documents relate to the [opposing party's] requests for production or were relevant to the case"

to be inexcusable and dismissing the producing party's claims.

Based on the foregoing, as detailed further herein, Plaintiff respectfully requests that this

Court: (1) fine GPS $100 per day for each day that it failed to comply with the amended deadlines,

including the imposition of the $100 per day fine for the non-ESI discovery that should have been

produced *at the very latest* on January 31, 2024, but was not produced until well past the close of

business on May 29, 2024 (ECF Nos. 325; 360); (2) order GPS to review the entire May 29, 2024

production for responsiveness and reproduce only those documents which are responsive to

Plaintiff's Discovery Requests; (3) provide a log to Plaintiff which identifies by bates stamp each

individual document reproduced and the Discovery Request to which that document is responsive;

(4) award Plaintiff her reasonable attorney fees incurred in bringing the instant motion; and (5)

extend Plaintiff's time to conduct discovery against GPS and discovery using GPS-produced

documents, to include depositions, by 60 days after the production of the discovery log.[2]

## I.    PROCEDURAL BACKGROUND

GPS's obfuscation of the discovery process is well-documented and well-known to this

Court, and Plaintiff incorporates by reference her December 6, 2023 Expedited Motion to Compel

Discovery from GPS ("Motion to Compel") and Exhibits (ECF No. 311) and her Opposition to

GPS's Motion for Extension and Exhibits (ECF No. 352) ("Opposition to ESI Extension"), which

more fully describes Plaintiff's multi-year attempt at securing discovery.

Plaintiff summarizes the aforementioned history as follows: Plaintiff served her Discovery

---

[2] The parties have jointly requested a 60-day fact discovery continuance to October 1, 2024, which
the Court granted during the Discovery Hearing held on today's date. This Request pertaining to
GPS would not impact the October 1 date if GPS reproduced responsive documents and the
corresponding log no later than July 31, 2024.

Requests on GPS on February 24, 2022.  *See* Motion to Compel, at 7.  After multiple deficiency letters, responses, and meet and confer teleconferences, on October 4, 2022, GPS provided Plaintiff with its Second Supplemental Objections and Responses to Plaintiff's First Requests for Production. *See id*. Despite multiple correspondence, for the next several months, GPS failed to identify its ESI or propose a search protocol.  *See id*.  On September 1, 2023, the Court issued an order which required GPS to supplement discovery "as previously discussed" by September 29, 2023, and required GPS to produce all outstanding ESI by January 19, 2024 (the "September 1, 2023 Order"; ECF No. 293).  GPS did not supplement discovery by September 29, 2023 as was required by the September 1, 2023 Order.

On December 6, 2023, Plaintiff filed the Motion to Compel as a result of GPS failing to comply with its discovery obligations pursuant to the September 1, 2023 Order.  Following a full briefing and hearing on January 17, 2024, the Court granted the Motion to Compel and ordered GPS to, *inter alia*, produce all ESI by March 13, 2024 (ECF No. 325).[3] GPS subsequently moved for relief from the March 13 deadline (ECF No. 349), which Plaintiff opposed (ECF No. 352). A hearing was held on February 29, 2024 wherein GPS's Motion was granted. GPS was ordered to produce ESI no later than April 12, 2024 (ECF No. 360). The Court advised GPS that the Court would impose a fine of $100 per day for each day that it did not comply with the amended deadline. *See* February 29, 2024 Clerk's Minutes (ECF No. 360).

GPS did not produce any ESI by the April 12 deadline. On April 10, it produced previously withheld shift logs and employee files specific to Roxsana's detainment at a GPS-operated facility. GPS did not provide any explanation for the belated shift logs or employee files. Then, on May 8, 2024, GPS produced 192 pages of discovery labeled as "ESI." *See* May 7, 2024 COS attached

---

[3] The Order was issued on January 19, 2024. *See* ECF No. 325.

hereto **Exhibit A**.[4] Although GPS and Plaintiff had prior discussions and negotiations regarding relevant custodians and the various "hit-counts" from certain keyword searches (i.e. documents containing certain key words that have not yet been reviewed to determine responsiveness to the instant litigation), GPS did not disclose that any additional substantial discovery production was forthcoming after the May 8 ESI production. Additionally, Plaintiff believed that GPS would, in accordance with standard, good-faith discovery practice, conduct a relevance review of ESI "hits" rather than producing every document which hit on a certain word in a certain time-frame. On May 29, 2024, well after the close of business, GPS supplemented its May 8 ESI production with an additional 45,000 plus pages labeled as "ESI" discovery. *See* May 29, 2024 COS attached hereto as **Exhibit B**.

## II.    GPS'S ESI PRODUCTION

Between Defendant's production on May 29, 2024, and the date of the instant Motion, Plaintiff has not had sufficient time to review each and every document produced. While it is clear that the production contains responsive and relevant evidence to Plaintiff's claims, Plaintiff's review thus far has revealed that GPS also produced documents that do not appear responsive to Plaintiff's Discovery Requests. For example, Roxsana died in May 2018, but Defendant's production includes emails from 2020 related to detainee and staff COVID exposures (GPS_ESI_003946); it also contains spreadsheets pertaining to 2019 detainee transports (GPS_ESI_002300). Based on the foregoing, it appears that GPS produced documents that "hit" on certain agreed-upon "key words" within the agreed-upon date range, but were not otherwise responsive to Plaintiff's Discovery Requests; i.e., that GPS produced a document with the word

---

[4] Although the COS was sent on May 7, 2024, the actual documents were not produced to Plaintiff until the following day: May 8, 2024.

"medical", for example, contained therein, but did not review that document further to determine responsiveness. Running keywords and merely producing those documents without a further responsiveness review belies standard ESI practice and evinces bad faith. *See Atlas Resources, Inc. v. Liberty Mutual Ins. Co.*, 291 F.R.D. 638, 642 (D.N.M. 2013) (describing "document-dumping" where the defendant's disclosure of material was presented in such a disorganized fashion as to violate the Rules of Professional Conduct and cause undue delay in the litigation of this case"); *Stooksbury v. Ross*, 528 Fed.Appx. 547, (6th Cir. 2013) (affirming entry of default judgment as sanction in part for party's 40,000-page discovery submission which "was merely a document dump of mostly unresponsive information"). *See also Swan Glob. Invs. v. Young*, Civil Action No. 18-cv-03124-CMA-NRN, 2020 U.S. Dist. LEXIS 161813, at *19-20 (D. Colo. June 5, 2020).[5]

Additionally, Defendant's May 29 production also appears to include non-ESI documents that should have already been produced months, if not years, ago. For example, GPS's new production contains GPS policy manuals (GPS_ESI_0000193), GPS training manuals (GPS_ESI_008200), and ICE policy manuals applicable to GPS employees (GPS_ESI_025704). GPS has not provided any reason for the production of policy and training manuals in June 2024.

As evinced by the above complications, the prejudice to Plaintiff from GPS's belated production is substantial. If Plaintiff reviewed each new page at a generous rate of 30 seconds per page, it would take Plaintiff 378 additional hours to review GPS's new discovery, which is the equivalent of 9.5 forty-hour work weeks. Given that Plaintiff first requested these documents in February, 2022, GPS's March 29, 2024 production significantly prejudices Plaintiff's ability to

---

[5] Alternatively, the seemingly-appearing nonresponsive transport spreadsheets and COVID exposures, for example, may potentially be relevant to a responsive internal investigation; however, without a log identifying the scope of that internal investigation file, Plaintiff cannot discern their responsiveness. However, given that COVID occurred in March 2020, it is unlikely that COVID-related spreadsheets and documents are responsive to Plaintiff's Discovery Requests.

conduct depositions of GPS and other Defendant witnesses. To be sure, Plaintiff has the absolute

to right to review each document that GPS has produced—and therefore represented as

responsive—to her Discovery Requests, which this Court has already deemed appropriate by virtue

of Plaintiff's and GPS's previous motion practice. Yet, depositions have already begun and are

noticed throughout June and July. Even if the parties' joint discovery extension request is granted,

Plaintiff will still not have sufficient time to review the full production prior to conducting many if

not all of the already-noticed depositions. The prejudice to Plaintiff from GPS's belated productions

and "document dump" cannot be overstated.

### III.    ANALYSIS

Federal Rule of Civil Procedure 37(b) empowers the courts to impose sanctions for a party's

failure to obey discovery orders. *Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 F. App'x 810,

813 (10th Cir. 2001). "District courts have very broad discretion to use sanctions where necessary

to ensure the expeditious and sound management of the preparation of cases for trial." *Bedford v.*

*Nowlin*, No. 20-7070, 2021 U.S. App. LEXIS 22460, at *7 (10th Cir. July 26, 2021) (quoting *Lee*

*v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (internal quotation marks omitted)). The

"[d]etermination of the correct sanction for a discovery violation is a fact-specific inquiry that the

district court is best qualified to make." *Bedford*, 2021 U.S. App. LEXIS 22460, at *7

(quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). "Sanctions must be 'just'

and related to the claim "at issue in the order to provide discovery." *Id.* (internal quotation marks

omitted).

Appropriate sanctions for violation of discovery orders, include, but are not limited to: "(1)

ordering that designated facts be taken as established; (2) precluding the disobedient party from

supporting or opposing matters at issue or introducing designated matters in evidence; (3) striking

pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5)

dismissing the action; (6) rendering a default judgment against the disobedient party; and (7) treating the failure to obey the discovery order as contempt of court." *Atlas Res., Inc.*, 291 F.R.D. at 642-43 (D.N.M. 2013) (citing Fed. R. Civ. P. 37(b)(2)(A (i)-(vii)). When a party's conduct abuses the judicial process, imposition of sanctions in the form of an award of attorney fees and costs is a remedy provided for by law and within the inherent power of the court. *Beilue*, 13 F. App'x at 813 (citing *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (reviewing Rule 11 sanctions)). "[T]he ultimate production of the requested documents "is not determinative" as to whether sanctions should be imposed." *Beilue*, 13 F. App'x at 813 (quoting *Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370, 1374 (10th Cir. 1978) ("The Rule permits a sanction when a party 'fails to obey an order,'" a failure which is not absolved upon production (quoting Fed. R. Civ. P. 37(b)(2))).

Here, GPS's dilatory response to Plaintiff's discovery requests—which culminated in a 45,000-page production two years after Plaintiff first propounded her Discovery Requests, six weeks after the Court's extended ESI deadline of April 12, 2024, and only two months ahead of the current fact discovery deadline—was not accidental, inadvertent, or unavoidable. Instead, GPS's actions show a sustained and deliberate disobedience of both the discovery process in general and this Court's specific discovery orders and extended deadlines regarding ESI. GPS's ultimate production of responsive documents—buried within a document dump that includes materials which appear to be non-responsive—does not cure the prejudice that Plaintiff now faces, especially in light of her need to review and digest over 45,000 pages of new documents and weed out nonresponsive keyword hits, all in the midst of conducting numerous depositions in this matter. Plaintiff's requested sanctions, as detailed below, are unquestionably appropriate here where GPS has evinced a pattern and practice of bad faith discovery practice.

## IV.     RELIEF REQUESTED

As a result of GPS's conduct, Plaintiff respectfully requests the following sanctions, which Plaintiff submits are reasonable and just under the circumstances: (1) that this Court impose a $100 per day fine from January 1, 2024 to May 30, 2024, based on GPS's continued failure to produce non-ESI documents (like its policy manuals) despite the Court's prior orders;[6] (2) order GPS to review the entire May 29, 2024 production for responsiveness and reproduce only those documents which are responsive to Plaintiff's Discovery Requests; (3) order GPS to provide a log to Plaintiff which identifies by bates stamp each individual document reproduced and the Discovery Request to which that document is responsive; and (4) extend Plaintiff's time to conduct discovery against GPS and discovery using GPS-produced documents, to include depositions, by 60 days after the production of the discovery log.

## V.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant her Motion for Sanctions against GPS in its entirety.


Dated: June 13, 2024                                    Respectfully submitted,

                                                       /s/ *Cynthia B. Morgan*_____
                                                       Cynthia B. Morgan, *Pro Hac Vice*
                                                       Ken S. Massey, *Pro Hac Vice*
                                                       Grant & Eisenhofer P.A.
                                                       123 Justison Street, 7th Floor
                                                       Wilmington, DE 19801
                                                       Phone: (302) 622-7000
                                                       cmorgan@gelaw.com
                                                       kmassey@gelaw.com

---

[6] In the alternative, Plaintiff requests imposition of the $100 per day fine from April 12, 2024 to May 30, 2024 based on GPS's failure to produce its ESI by the April 12 deadline.

Dale Melchert, *Pro Hac Vice*
Lynly Egyes, *Pro Hac Vice*
Transgender Law Center P.O. Box
70976 Oakland, CA 94612
dale@transgenderlawcenter.org
lynly@transgenderlawcenter.org

Daniel Yohalem
Attorney at Law
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
505-690-2193
Fax 505-989-4844
daniel.yohalem@gmail.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2024, I filed the foregoing **PLAINTIFF'S**

***MOTION FOR SANCTIONS AGAINST DEFENDANT GPS*** electronically through the

CM/ECF system, which caused all counsel of record to be served, as more fully reflected on the

Notice of Electronic Filing.


Dated: June 13, 2024                                              Respectfully submitted,

                                                        */s/ Cynthia B. Morgan*_____
                                                        Cynthia B. Morgan, *Pro Hac Vice*