IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

    Plaintiff,

vs.                                                                               1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

    Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

    Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

    Third-Party Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR
COMMISSION FOR OUT-OF-STATE SUBPOENAS**

THIS MATTER comes before the Court on Plaintiff's unopposed Motion for

Commission for Out-of-State Subpoenas (Doc. 455), filed on September 6, 2024.  Having

reviewed the motion and the relevant law, the Court finds the motion is not well-taken and it will

be DENIED.

Plaintiff asks the Court to sign orders issuing an "open commission" to allow Texas state

courts in Harris County and El Paso County to subpoena witnesses residing in those counties. Doc. 455 at 7–16.  As legal basis for this, Plaintiff cites Texas Rule of Civil Procedure 201.2:

> If a court of record of any other state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's oral or written deposition testimony in this State, the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending in this State.

TEX. R. CIV. P. 201.2.

The rules of Texas civil procedure, however, do not apply in this federal case.  The Texas Rules of Civil Procedure only "govern the procedure in the justice, county, district, and business courts of the State of Texas in all actions of a civil nature."  TEX. R. CIV. P. 2.  In addition, by its express terms, Texas Rule of Civil Procedure 201.2 may be utilized only by "a court of record of any other state or foreign jurisdiction."  This Court obviously is not a court of a foreign jurisdiction.  And this Court is not "a court of record of any other state."   While this Court sits in New Mexico, it is a United States district court, not a court "of" the State of New Mexico. The Tenth Circuit has held that federal courts sitting within a particular state are not courts "of" that state, but rather "find their origin in . . . the federal government."  *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005); *see also Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curium) (holding that a federal court in Texas is not a court "of" the state of Texas); *Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*, 23 F.4th 714, 721 (7th Cir. 2022) (finding that most circuits treat "references to courts 'of' a state as not including federal courts in the state, but references to courts 'in' a state as including both state and federal courts located in the state.") (string citation omitted).

Plaintiff does not explain why this Court should apply Texas procedural law.  Nor does Plaintiff explain why an open commission is necessary here.  The applicable procedures for obtaining and enforcing subpoenas in this case are found in Federal Rule of Civil Procedure 45.

*See also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

IT IS THEREFORE ORDERED that Plaintiff's Motion for Commission for Out-of-State Subpoenas (Doc. 455) is DENIED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge