IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

      Plaintiff,

vs.                                                                                          1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

      Defendants,

and

GLOBAL PRECISION SYSTEMS LLC,

      Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

      Third-Party Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## SERVICE OF SUBPOENA BY ALTERNATE MEANS

      THIS MATTER comes before the Court on Plaintiff's unopposed Motion for Service of Subpoena by Alternate Means (Doc. 480), filed on October 3, 2024. Having reviewed the motion and the relevant law, the Court finds the motion is well-taken, and it is GRANTED.

      Plaintiff has diligently attempted to subpoena witness Fabiola Davenport for a deposition. Doc. 480 at 3–4. Plaintiff argues that "[t]here can be no question that Davenport is intentionally

attempting to evade service." *Id.* at 4. Plaintiff's counsel explains that he personally spoke to Ms. Davenport. Doc. 480-1 at 3. During that conversation, she confirmed her home address and email address. *Id.* Counsel also exchanged emails with Ms. Davenport to coordinate a date for her deposition. *Id.* at 4. Ms. Davenport eventually expressed reluctance to attend. *Id.* Then, plaintiff hired a process server who attempted to personally serve Ms. Davenport four times at her residence in El Paso, Texas. *Id.* During the latter two attempts, Ms. Davenport's car was parked outside her home. *Id.* Finally, plaintiff's counsel called Ms. Davenport again, and Ms. Davenport reportedly stated that she will not attend her deposition unless she is served with the subpoena. *Id.* at 4–5. Based on this information, the Court shares plaintiff's concern that Ms. Davenport is evading service.

Federal Rule of Civil Procedure 45(b) governs serving a deposition subpoena. Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." FED. R. CIV. P. 45(b)(1). Rule 45 also requires that the subpoenaing party file a proof of service "showing the . . . manner of service." FED. R. CIV. P. 45(b)(4).

Plaintiffs argue, and I agree, that Rule 45 does not always require personal service of a subpoena. Previously, courts held that Rule 45 requires personal service. Wright & Miller, FED. PRAC. & PROC. CIV. § 2454 (3d ed.) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required."). However, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." *Id.* I am persuaded by the reasoning of courts that held that Rule 45 does not always require personal service. *See, e.g., Ott v. Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (applying the Rule Against Surplusage while comparing Rule 45's "deliver[y]" requirement with Rule 4(e)(2)'s "personal[]"delivery

requirement); *BG Strategic Advisors, LLC v. FreightHub, Inc.*, No. 21-80299-Civ-Matthewman, 2023 WL 114864, at *4 (S.D. Fla. Jan. 6, 2023) (reasoning, in part, that "interpreting Rule 45 as requiring personal service 'would result in the standard of service of a nonparty witness subpoena being more rigorous than the service required for a summons and complaint.'") (citation omitted); *Meridian PO Finance LLC v. OTR Tire Group Inc.*, No. CV-20-00446-PHX-MTL, 2022 WL 204413, at *1 (D. Ariz. Jan. 4, 2022) (explaining that "nothing in the text of Rule 45(b)(1) indicates that personal service is required"); *E.A. v. Renfroe & Co. v. Moran*, No. 08–cv–00733–REB–MJW, 2008 WL 1806200, at *5 (D. Colo. Apr. 21, 2008) ("If the only manner of service permitted under the rule were by hand, no statement of the manner of service would be necessary.") (citation omitted). When courts authorize alternate means of Rule 45(b) service, they also require that the service "is made in a manner that reasonably insures actual receipt of the subpoena by the witness." *E.A. Renfroe & Co.*, 2008 WL 1806200, at *5; *BG Strategic Advisors*, 2023 WL 114864, at *4 (holding the same); *Meridian PO Finance LLC*, 2022 WL 204413, at *1 (same).

    Here, plaintiff requests "to serve Davenport with her deposition subpoena by affixing it to the door of the residence." Doc. 480 at 4. Ms. Davenport herself and the attorneys for third-party defendant Asset Protection & Security Services, L.P., where Ms. Davenport was once an employee, have both confirmed Ms. Davenport's address. Plaintiff persuasively argues that "the witness is likely to evade service by certified mail," therefore, "affixing the summons to the door is the more appropriate means to ensure that the subpoena will reach Davenport's actual possession and control." *Id.* at 6. The Court agrees that affixing the summons to Ms. Davenport's door is a reasonable means to ensure that she will receive the subpoena.

3

Out of an abundance of caution, the Court also orders plaintiff to serve the subpoena on Ms. Davenport's email address. Utilizing both methods of service will minimize any potential doubt that Ms. Davenport did not actually receive notice of her deposition. *Compare with Brow Art Management, LLC v. Idol Eyes Franchise, LLC*, No. 23-cv-11434, 2024 WL 3851585 (E.D. Mich. Aug. 16, 2024) (authorizing service by first class mail and posting the subpoena on deponent's front door); *Meridian PO Finance LLC*, 2022 WL 204413, at *2 (authorizing service via FedEx/UPS mail and email); *BG Strategic Advisors*, 2023 WL 114864, at *4 (authorizing service by certified mail and email to multiple address); *Aman v. Office of Utah Attorney General*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 4949032 (D. Utah Oct. 25, 2021) (authorizing service by email only).

IT HEREBY ORDERED that service of Ms. Davenport's deposition subpoena shall be completed by (1) affixing the summons and a copy of this order to her door and (2) emailing the summons and a copy of this order to the email address from which she previously emailed plaintiff's counsel.

*[signature]*
JENNIFER M. ROZZONI
United States Magistrate Judge

4