IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOLEEN K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

      Plaintiff,

v.                                      1:20-cv-00465-WJ-JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS, LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

      Defendants,

and

GLOBAL PRECISION SYSTEMS, LLC,

      Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

      Third-Party Defendant.

## **ORDER GRANTING IN PART MOTION TO COMPEL**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery

Against Third Party Defendant Asset Protection and Security Services, L.P. (Doc. 488), filed on

October 25, 2024.  Third-Party Defendant Asset Protection and Security Services, L.P. ("Asset")

filed a response (Doc. 494)[1] and plaintiff filed a reply (Doc. 495). The Court held a hearing on November 19, 2024. Doc. 503. Having reviewed the briefing, the relevant law and the facts, and for the reasons stated at the hearing, the Court finds the motion should be GRANTED IN PART and DENIED IN PART.

Specifically, the Court orders as follows:

1. The Court orders Asset to withdraw its boilerplate objections or make them sufficiently specific, consistent with the Court's other rulings in this case. Asset must provide its formal supplemental answers no later than November 27, 2024.

2. The Court orders Asset to provide formal supplemental answers and responses to all sets of discovery making it clear that it is not withholding responsive information no later than November 27, 2024.

3. The Court orders Asset to supplement the privilege log as agreed as soon as possible, but no later than November 27, 2024.

4. The Court orders Asset to provide the ESI search protocol that it used as soon as possible, but no later than November 21, 2024. The Court orders Asset to meet and confer with plaintiff by November 25, 2024 to come up with appropriate ESI search terms. Finally, the Court orders Asset to run the new ESI search protocol and to provide the results to plaintiff by December 4, 2024. The Court orders Asset to provide a list of custodians to plaintiff to assist plaintiff in promulgating a list of appropriate search terms as soon as possible, but no later than November 21, 2024.

5. The Court orders Asset to produce responsive information for RFP 25 for the narrowed period of May 1, 2015 to May 1, 2019 as soon as possible, but no later than November 27, 2024.

6. The Court orders Asset to provide the following: (1) a copy of the intake log book by November 19, 2024; (2) the name of Asset officer(s) who transported plaintiff from the airport to El Paso SPC and their supervisor(s); the name of the supervisor(s) of the Asset employee who booked plaintiff into the El Paso SPC; and the names of any other Asset employees/supervisors posted where plaintiff was held at the El Paso SPC—no later than November 21, 2024; (3) the personnel files of any disclosed Asset employees and their supervisors by November 21, 2024. The Court orders Asset to provide formal supplemental responses to RFP 24 and Interrogatory 22 no later than November 21, 2024.

7. The Court orders Asset to supplement its responses to RFPs 28 and 29 stating that there

---

[1] Asset filed its response on November 8, 2024, four days after the November 4, 2024 deadline set by the Court. *See* Doc. 489. The Court considered the response despite it being untimely.

2

are no responsive documents no later than November 27, 2024.  Asset must explain in its supplemental responses whether Asset ordinarily keeps these records, as well as Asset's document retention policy.

8. The Court orders Asset to supplement its response to RFP 24 to state that Asset does not keep records about food and water provided or consumed no later than November 27, 2024.

9. The Court declines to award attorney's fees related to this motion.

Any requests for relief in Plaintiff's Motion to Compel Discovery Against Third Party

Asset Protection and Security Services, L.P. (Doc. 488) not expressly discussed in this order are

DENIED.

JENNIFER M. ROZZONI
United States Magistrate Judge

3