**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOLENE K. YOUNGERS,
as the Personal Representative of the
Wrongful Death Estate of Roxsana Hernandez,

      Plaintiff,

v.                                                           1:20-cv-0465 WJ/JMR
                                     Consolidated with 1:21-cv-0620

WJ/JMR

LASALLE CORRECTIONS TRANSPORT LLC,
LASALLE CORRECTIONS WEST LLC,
LASALLE MANAGEMENT COMPANY LLC,
GLOBAL PRECISION SYSTEMS LLC,
TRANSCOR AMERICA LLC,
CORECIVIC, INC., AND
UNITED STATES OF AMERICA,

      Defendants,

and

GLOBAL PRECISION SYSTEMS, LLC,

      Third-Party Plaintiff,

v.

ASSET PROTECTION AND SECURITY SERVICES, L.P.,

      Third Party Defendant.

**UNITED STATES' MOTION FOR PROTECTIVE ORDER REGARING**
**OUTSTANDING DEPOSITIONS**

Pursuant to Federal Rule of Civil Procedure 26(c) and D.N.M. LR-Civ. 30.2,

Defendant United States respectfully moves the Court to issue an order prohibiting

Defendant TransCor America, LLC and CoreCivic, Inc. (hereafter "CoreCivic

Defendants") from taking the depositions of Richard Woodruff, and ICE's 30(b)(6) representatives, Monica Burke and Douglas Nagle.

## I.    Relevant Background

1.    Plaintiff initially notice the deposition of Richard Woodruff, and the parties agreed the deposition would take place on December 12, 2024.

2.    Plaintiff and the United States engaged in extensive negotiations to identify the scope of the United States' 30(b)(6) witnesses, which resulted in an initial, first revised, and second revised 30(b)(6) notice. Counsel for CoreCivic Defendants were not part of the 30(b)(6) negotiations. Witnesses to cover the 30(b)(6) notice, including Monica Burke and Douglas Nagle were originally set to be deposed in November and December 2024. A copy of the Second Revised 30(b)(6) notice is attached as **Exhibit A**.

3.    On November 15, 2024, Plaintiff and the United States asked the Court to move the depositions of ICE's remaining 30(b)(6) witnesses, which included Monica Burke and Douglas Nagle, to allow the United States time to attempt settle the case with Plaintiff. Doc. 500. Plaintiff's counsel said, "she is not willing to forgo deposing USA witnesses if the settlement is not successful." *Id*.

4.    On November 15, 2024, the Court entered its Order Extending Time to Conduct Depositions, allow the 30(b)(6) deponents at issue be moved until the week of January 13, 2025, after the date of the planned settlement conference. Docs.500 and 501.

5.    On November 25, 2024, the parties agreed to move the depositions of

three additional witnesses, including Richard Woodruff. Doc. 512. Plaintiff's counsel stated she would "forego deposing [Richard Woodruff] if plaintiff and the USA settle." *Id*.  Plaintiff initially stated she would need to pare down the ICE 30(b)(6) depositions and would require the CRCL 30(b)(6) deposition. *Id*. Plaintiff, however, subsequently agreed to vacate all depositions.

6. On November 26, 2024, the Court entered ins Order Extending Time to Conduct Depositions to allow Mr. Woodruff's deposition take place on January 14, 2024. Doc. 513.

7. On December 20, 2024, the United States and Plaintiff notified the Court that they had reached a settlement agreement. Doc. 527.

8. On December 30, 2024, after business hours, CoreCivic Defendants submitted their cross-deposition notices for Richard Woodruff, Moreen Murphy, and ICE's 30(b)(6) witnesses Monica Burke and Douglas Nagle. *See* December 30, 2024, Allen Rowley email attached as **Exhibit B**.

9. CoreCivic Defendants' cross-deposition notice of ICE's 30(b)(6) deponents did not specify which topics under the Second Revised e 30(b)(6) topics for Ms. Burke and Mr. Nagle's depositions.

10. On January 6, 2025, Plaintiff notified that parties that she was vacating the remaining depositions she had noticed, including Richard Woodruff and ICE's 30(b)(6) deponents (including Monica Burke and Douglas Nagle), and the continuation of Moreen Murphy's deposition. *See* January 6, 2025, Cindy Morgan email attached as **Exhibit C**.

## I.      Legal Authority

Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including. . .forbidding the disclosure or discovery; specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; prescribing a discovery method other than the one selected by the party seeking discovery; [or] forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1).

"[A] District Court may limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *Heuser v. Johnson,* 189 F.Supp.2d 1250, 1269 (D.N.M.2001) *Id.* at 1269 (quoting Fed.R.Civ.P. 26(b)(2)(iii)). "It is the party seeking the protective order who has the burden to show good cause for a protective order." *Velasquez v. Frontier Medical Inc.,* 229 F.R.D. 197, 200 (D.N.M.2005). The party seeking the protective order "must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* Granting a protective order under Fed.R.Civ.P. 26(c) is vested in the district court's discretion, and the Tenth Circuit will only reverse the granting of a protective order if there was an abuse o discretion. *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 482 (10th Cir. 1995). "Under the abuse of discretion standard, we will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error

of judgment or exceeded the bounds of permissible choice in the circumstances. *Id*. (internal quotations omitted).

Pursuant to the requirements of Fed. R. Civ. P. 26(c)(1), the United States met and conferred with CoreCivic Defendants to resolve this issue without Court action. Unfortunately, the parties were unable to reach an agreement on how to proceed, making this Motion and the accompanying Notice of Non-Appearance necessary.

**II.     Good cause exists for a protective order prohibiting CoreCivic Defendants from deposing Richard Woodruff, and ICE's 30(b)(6) representatives, Monica Burke and Douglas Nagle**

Good cause exists for a protective order to preclude CoreCivic Defendants' deposition requests because the United States and its employees would be subjected to undue burden and expense. The depositions at issue were initially noticed only by Plaintiff. After reaching the settlement agreement on December 20, 2024, the remaining federal witnesses were informed that the matter had settled, that their depositions would be vacated, and that they would not need to attend.

On December 30, 2024, the eve before the close of discovery, counsel for CoreCivic Defendants contacted counsel for the United States about the status of the remaining depositions. CoreCivic Defendants were notified that the witnesses were released considering the settlement agreement. That evening, CoreCivic Defendants sent their cross notices of depositions. CoreCivic Defendants made no prior attempt to obtain information from the United States in written discovery or through depositions. The United States would face undue burden and expense in having to prepare these witnesses for deposition and to defend the depositions for a case in

which the United States has already settled.

Rule 30(b)(6) requires that "[b]efore or promptly after the notice of subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). CoreCivic Defendants did not meet in good faith with the United States about the matters for examination. Instead, CoreCivic Defendants cross-noticed a 30(b)(6) deposition on topics that they did not draft or negotiate, and without limitation as to the scope of the 30(b)(6) deposition. Under the Second Revised 30(b)(6) notice from Plaintiff, Monica Burke was disclosed to testify on topics 2-6, 8, 9, 11(b) and (d), 13, 14, 16-18, 25, 26, and 28-31. Douglas Nagle was disclosed to testify on 5, 6, 11(d), 18, 21, 22, 28, and 30. Included in these topics are the applicability of policies to other Defendants, ICE's contracts with other Defendants, ICE's internal policies related to its streamlined transfer process for detainees, and ICE's internal policies and review of the events. *See* Ex. A. These topics are not relevant to CoreCivic's defenses and are not proportional to the needs of the case. Requiring the United States to have these witnesses prepare for these 30(b)(6) depositions would be incredibly time consuming and costly and would far outweigh the needs of CoreCivic Defendants' defenses.

Furthermore, requiring the United States to engage in discovery in a case which the United States has settled would place an undue burden and expense. The United States bought its peace through settlement to avoid continued discovery and litigation. Requiring it to continue with discovery undermines the purposes of settlement. *See e.g. Wilson v. Gillis*, 1986-NMCA-112, ¶ 11, 105 N.M. 259, 262, 731

P.2d 955, 958 ("it is imperative that the judiciary encourage settlement when at all possible. A settling tortfeasor ought to enjoy the benefit of his settlement; joinder as a third party, after settlement, eliminates a major benefit of settlement"). Requiring the United States to  continue with ongoing discovery would remove that benefit of settlement and burden the United States, ICE, and the deponents.

The United States hereby certifies it sought the parties' concurrence regarding this motion pursuant to D.N.M. LR-Civ. 7.1 and Federal Rule of Civil Procedure 26(c)(1). CoreCivic Defendants oppose this Motion. GPS takes no position. No other response was received and this Motion is deemed opposed.

For the foregoing reasons, good cause exists pursuant to Rule 26(c)(1) for a protective order prohibiting CoreCivic Defendants from deposing Richard Woodruff, and ICE's 30(b)(6) representatives, Monica Burke and Douglas Nagle. Defendants respectfully requests the Court issue a protective order for the reasons set forth in this Motion and for any additional relief the Court deems necessary. A Notice of Non-Appearance will be filed concurrently with the Motion on behalf of these witnesses.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Brett C. Eaton filed 1/7/25*
BRETT C. EATON
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
Fax (505) 346-7205
Brett.Eaton@usdoj.gov

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2025, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be electronically served as more fully reflected on the Notice of Electronic Filing.

*Filed electronically 1/7/25*
BRETT C. EATON
Assistant United States Attorney